

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:11-CN-2624-T-17AEP

COACH, INC., a Maryland corporation,
and COACH SERVICES, INC.,
a Maryland corporation,

     Plaintiffs,

v.

VISITORS FLEA MARKET, LLC,
DELROY JOSEPHS, JULIO BATISTA
LUIS FREITES, LILY SY,
SOMPRATHANA VONGUILATH,
MATILDE SEGURA, and
DOES 1 THROUGH 3,

     Defendants.

_____/

## COMPLAINT

Plaintiffs, Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), sue Defendants, Visitors Flea Market, LLC, Delroy Josephs, Julio Batista, Luis Freites, Lily Sy, Somprathana Vonguilath, Matilde Segura and Does 1 through 3 (hereinafter collectively referred to as "Defendants"), and allege as follows:

## NATURE OF ACTION

1.    This is an action for trademark and trade dress infringement, counterfeiting, false designation of origin and false advertising, and trademark dilution pursuant to the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), (c) and (d)), copyright infringement pursuant to the United States Copyright Act (17 U.S.C. § 501, *et. seq.*), injury to business reputation and trademark dilution pursuant to Fla. Stat. § 495.15, deceptive and unfair trade practices pursuant



BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

to Fla. Stat. § 501.201, unfair competition and unjust enrichment pursuant to the common law of the State of Florida.

<u>**JURISDICTION AND VENUE**</u>

2.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act and U.S. Copyright Act.   This Court has supplemental jurisdiction over Coach's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal places of business, and continue to infringe Coach's famous trademarks and copyrights, in this Judicial District.

<u>**PARTIES**</u>

4.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

5.      Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly-owned subsidiary of Coach, Inc.

6.      Defendant Visitors Flea Market, LLC ("Visitors Flea Market"), is a limited liability company, organized and existing under the laws of the State of Florida, with its principal place of business in Kissimmee, Florida.  Visitors Flea Market is contributing to and facilitating the promotion and sale of counterfeit and infringing products within this Judicial District.

2

7.     Defendant Delroy Josephs ("Josephs") is an individual residing in Orlando, Florida.  Defendant Josephs is a principal, owner, officer, director, manager of Visitors Flea Market and is the moving force behind Visitor Flea Market's operations.  Josephs is contributing to and facilitating the promotion and sale of counterfeit and infringing products within this Judicial District.

8.     Defendant Julio Batista ("Batista") is an individual who resides and/or conducts substantial business within this Judicial District.  Bastista is directly and personally engaging in the sale of counterfeit products on premises owned and operated by, and under the control of Visitor Flea Market and Josephs.

9.     Defendant Luis Freites ("Freites") is an individual who resides and/or conducts substantial business within this Judicial District.  Freites is directly and personally engaging in the sale of counterfeit products on premises owned and operated by, and under the control of Visitor Flea Market and Josephs.

10.     Defendant Lily Sy ("Sy") is an individual who resides and/or conducts substantial business within this Judicial District.  Sy is directly and personally engaging in the sale of counterfeit products on premises owned and operated by, and under the control of Visitor Flea Market and Josephs.

11.     Defendant Somprathana Vonguilath ("Vonguilath") is an individual who resides and/or conducts substantial business within this Judicial District.  Vonguilath is directly and personally engaging in the sale of counterfeit products on premises owned and operated by, and under the control of Visitor Flea Market and Josephs.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

12.     Defendant Matilda Segura ("Segura") is an individual who resides and/or conducts substantial business within this Judicial District. Segura is directly and personally engaging in the sale of counterfeit products on premises owned and operated by, and under the control of Visitor Flea Market and Josephs.

13.     Defendant Does 1 through 3 are individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1 through 3 are directly and personally engaging in the sale of counterfeit products on premises owned and operated by, and under the control of Visitors Flea Market and Josephs. Coach is unaware of the names and true capacities of Defendants named herein as Does 1 through 3, whether individual, corporate or partnership entities, and therefore sue them by their fictitious names. Coach will seek leave to amend this Complaint when their true names and capacities are ascertained.

## FACTUAL ALLEGATIONS

**A.     The World Famous Coach Brand and Products**

14.     Coach was founded seventy years ago as a family-run workshop in Manhattan, New York. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States, including Florida.

15.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively the "Coach Marks").

16.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales reaching nearly four billion dollars ($4,000,000,000).

**B.     The Coach Trademarks**

17.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 |  |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 |  |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia* key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 |  |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 |  |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |

8

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

18.    Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks.  These registrations are valid and subsisting and the majority are incontestable.[1]

19.    The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

20.    The registration of the marks also provides constructive notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

21.    The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

22.    The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

23.    As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill.  Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

C.     **The Coach Trade Dress**

24.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dress").

25.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dress.

26.     The Coach Trade Dress associated with Coach products are independent of the functional aspects of Coach products.

27.     Coach has employed the Coach Trade Dress associated with its products exclusively and without interruption, and the Coach Trade Dress has never been abandoned.

D.     **The Coach Copyrights**

28.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws. These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter referred to as the "Coach Design Elements").

29.     Coach also has a variety of valid copyrights registered with the Copyright Office for its Design Elements, including the Signature C Design, with registration number VA-0001228917, the Coach Op Art Design with registration number VA 1-694-574, and the Coach Heritage logo with registration number VA1-714-051.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida 33131-1811   305.373.9400

30.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

**E.     Defendants' Infringing Conduct**

31.     On February 1, 2011, Coach's investigator canvassed the Visitors Flea Market located at 5811 W Irlo Bronson Highway, Kissimmee, Florida 34756, and discovered vendors advertising, displaying, offering and/or selling *more than 250* goods bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Coach Trademarks, the Coach Trade Dress, and the Coach Design Elements (hereinafter referred to as the "Counterfeit Products").

32.     Specifically, Coach's investigator observed Doe # 1, a vendor located at booth no. 5 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 85 counterfeit Coach items*, including various handbags and wallets.   Coach's investigator purchased one counterfeit Coach handbag for $29.99 plus sales tax.

33.     Coach investigator also observed Doe #2, a vendor located at booth no. 26 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 90 counterfeit Coach items*, including handbag and wallets.   Coach's investigator purchased one counterfeit Coach handbag for $35.00 plus sales tax.

34.     Coach investigator observed Doe #3, a vendor located at booth no. 90 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 75 counterfeit Coach items*, including handbags and wallets.   Coach's investigator purchased one counterfeit Coach handbag for $19.99 plus tax.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

35.     On March 28, 2011, Coach sent a cease and desist notice to Defendant Visitors Flea Market to compel its immediate cooperation in ending its and its vendors' infringing conduct.  Defendant Visitors Flea Market never responded to the cease and desist notice.  A true and correct copy of the March 28, 2011 notice is attached as **Exhibit A.**

36.     On August 5, 2011, Coach's investigator returned to the Visitors Flea Market. During that visit, Coach's investigator again observed numerous vendors advertising, displaying, offering and/or selling Counterfeit Products.

37.     Specifically, Coach's investigator observed Defendant Batista at booth no. 5-6 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 65 counterfeit Coach items*, including handbags, wristlets and wallets.

38.     Coach's investigator identified himself to Mr. Batista and served him with a cease and desist letter.  Coach's investigator subsequently asked Mr. Batista whether he would voluntarily surrender the Counterfeit Products, but Mr. Batista refused.

39.     Coach's investigator also observed Defendant Freites' employee and/or agent at booth no. 20-21 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 33 counterfeit Coach items*, including handbags and wallets.   The employee identified herself to Coach's investigator as Amanda Toro.

40.     Coach's investigator identified himself to Ms. Toro and served her with a cease and desist letter, on behalf of Defendant Freites.  Coach's investigator subsequently asked Ms. Toro whether she would voluntarily surrender the Counterfeit Products, but she refused.

41.     Coach's investigator also observed Defendant Lily Sy, located at vendor booth no. 72 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 210 counterfeit Coach items*, including handbags, shoes, duffle bags, wristlets, scarves and wallets.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida 33131-1811   305.373.9400

42.     Coach's investigator identified himself to Ms. Sy and served her with a cease and desist letter.  Coach's investigator subsequently asked Ms. Sy whether she would voluntarily surrender the Counterfeit Products, but she refused.

43.     Coach's investigator also observed Defendant Vonguilath's employee and/or agent at booth no. 88-90 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 77 counterfeit Coach items*, including handbags, wristlets, scarves and wallets.  The vendor identified herself to Coach's investigator as Dortis Garcia.

44.     Coach's investigator identified himself to Ms. Garcia and served her with a cease and desist letter, on behalf of Defendant Vonguilath.  Coach's investigator subsequently asked Ms. Garcia whether she would voluntarily surrender the Counterfeit Products, but she refused.

45.     Coach's investigator also observed Defendant Segura's employee and/or agent at booth no. 188 advertising, displaying, offering for sale, and/or selling, in plain view, *more than 10 counterfeit Coach items*, including handbags. The vendor identified himself to Coach's investigator as Jose Ortega.

46.     Coach's investigator identified himself to Mr. Ortega and served him with a cease and desist letter, on behalf of Defendant Segura.  Coach's investigator subsequently asked Mr. Ortega whether he would voluntarily surrender the Counterfeit Products, but Mr. Ortega refused.

47.     Defendants are well aware of the extraordinary fame and strength of the Coach brand, the Coach Trademarks, the Coach Trade Dress, and the Coach Design Elements, and the incalculable goodwill associated therewith.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

48.  Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dress, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, publicly displaying, selling, and/or offering for sale of the Counterfeit Products.

49.  Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks, Coach Copyrights and Coach Trade Dress.

50.  Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Products and Coach.

51.  Defendants Visitors Flea Market and Josephs, jointly and severally, have materially contributed to the above-described infringement of the Coach trademarks by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Coach items on the premises of the Visitors Flea Market notwithstanding (i) Defendants Visitors Flea Market and Josephs' knowledge of the offering for sale and the sale of such infringing items, (ii) Defendants Visitors Flea Market and Josephs' constructive knowledge of the offering for sale and the sale of such infringing items or, alternatively, (iii) Defendants Visitors Flea Market and Josephs' willful blindness to the offering for sale and the sale of such infringing items.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

52.    Defendants Defendants Visitors Flea Market and Josephs had and continue to have the right and ability to supervise the infringing activities, and have a direct financial interest in such activities, however, they continue to act with reckless disregard or willful blindness, effectively condoning its vendors unlawful activities.

53.    Defendants' knowing and deliberate hijacking of Coach's famous marks and sale, directly and vicariously, of Counterfeit Products has caused, and continues to cause, substantial and irreparable harm to Coach's goodwill and reputation.  In addition, the damages caused by Defendants, which continue to accrue, are especially severe because their Counterfeit Products are cheap, inexpensive and inferior in quality to those authentic to Coach.

54.    The harm being caused to Coach is irreparable and Coach does not have an adequate remedy at law.  Coach therefore seeks the entry of an injunction preventing Defendants from selling its Counterfeit Products.  Coach also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful infringement of Coach's Trademarks and Copyrights.

<u>COUNT I</u>
**(Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114)**

55.    Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

56.    Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

15

57.     The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Counterfeit Products are genuine or authorized products of Coach.

58.     Defendants' have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

59.     Defendants' acts constitute trademark counterfeiting in violation of Coach's rights pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

61.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

62.     Coach has suffered and will continue to suffer irreparable injury and damages if the Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

## COUNT II
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

63.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

64.     The Coach Trade Dress is used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida 33131-1811   305.373.9400

65.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dress.

66.     The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dress with Coach.   Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Counterfeit Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Counterfeit Products.

67.     Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dress and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

68.     Defendants' acts constitute trade dress infringement in violation of Coach's rights pursuant to Section 43(a) of the Lanham Act,  15 U.S.C. § 1125(a).

69.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

70.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

71.     Coach has suffered and will continue to suffer irreparable injury and damages if Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

72.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

73.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Counterfeit Products, and is intended, and is likely to cause such parties to believe in error that the Counterfeit Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

74.     The foregoing acts of the Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Coach's rights pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

76.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

77.     Coach has suffered and will continue to suffer irreparable injury and damages if Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida 33131-1811   305.373.9400

## COUNT IV
### (Trademark Dilution, 15 U.S.C. § 1125(c))

78.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

79.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

80.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

81.     Defendants' use of the Counterfeit Products, without authorization from Coach, is diluting by blurring and tarnishing the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

82.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

83.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

84.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

85.     Coach has suffered and will continue to suffer irreparable injury and damages if the Defendants are not restrained by this Court from further violating Coach's rights. Coach has no adequate remedy at law.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400

## COUNT V
### (Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

86.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

87.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq.*).  Amongst others, Coach has valid registered copyrights in the Op Art and the Heritage Logo designs.

88.     Defendants had access to and copied the Op Art and Heritage Logo designs and other Coach Design Elements present on Coach products.

89.     Defendants intentionally infringed Coach's copyrights in Op Art and Heritage Logo designs and other Design Elements present on Coach products by creating and distributing the Counterfeit Products, which incorporate elements substantially similar to the copyrightable matter present in the Op Art Coach Heritage Logo designs and other Design Elements present on Coach products, without Coach's consent or authorization.

90.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 101 *et seq.*

91.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

92.     Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

93.     Coach has suffered and will continue to suffer irreparable injury and damages if Defendants are not restrained by this Court from further violating Coach's rights.  Coach has no adequate remedy at law.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

## COUNT VI
### (Trademark Dilution, Fla. Stat. § 495.151)

94.    Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

95.    The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

96.    Through prominent, long, and continuous use in commerce, including commerce within the State of Florida, the Coach Trademarks have become and continue to be famous and distinctive.

97.    Defendants' use of the Counterfeit Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation in violation of Florida Statute § 495.151.

98.    As a direct and proximate result of Defendants' ongoing dilution, Coach has suffered and will continue to suffer damages and irreparable injury by reason of Defendants' activities in violation of Fla. Stat. § 495.151.

99.    Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

100.    Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

101.    Defendants acts of dilution will cause further irreparable injury to Coach if Defendants are not restrained by this Court from further violation of Coach's rights. Coach has no adequate remedy at law.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

## COUNT VII
### (Unfair Competition)

102.   Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

103.   Defendants have infringed Coach's logos, marks and trade names, in violation of Coach's proprietary rights.  Such acts constitute unfair competition under the common law of the State of Florida.

104.   Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

105.   Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

106.   As a direct and proximate result of Defendants' infringing activities, Coach has suffered and will continue to suffer irreparable injury and damages.  Coach has no adequate remedy at law.

## COUNT VIII
### (Deceptive and Unfair Trade Practices, Fla. Stat. § 501.201)

107.   Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

108.   Defendants' actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are affiliated, connected or associated with Coach and that Defendants' goods originate with and are sponsored or approved by Coach.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

109.     As such, Defendants' have intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"),  Florida Statute § 501.201.

110.     As a direct and proximate result of Defendants' unfair, unconscionable and deceptive acts or practices, Coach has suffered and will continue to suffer damages and irreparable injury.

111.     Defendants' deceptive acts will cause further irreparable injury to Coach if Defendants are not restrained by this Court from further violation of Coach's rights.  Coach has no adequate remedy at law.

112.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these infringing activities.

### COUNT IX
### (Unjust Enrichment)

113.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 54 above.

114.     The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Florida.

115.     Defendants Visitors Flea Market and Josephs, jointly and severally, are contributorily and vicariously liable for these  infringing activities.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Coach, Inc. and Coach Services, Inc., respectfully request that this Court enter judgment in their favor and against Defendants Visitors Flea Market, LLC, Delroy Josephs, Julio Batista, Luis Freites, Lily Sy, Somprathana Vonguilath, Matilde Segura and Does 1 through 3, jointly and severally, on all counts pled herein, as follows:

A.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have diluted the Coach Trademarks in violation of Fla. Stat. § 495.151; (iv) Defendants have engaged in trademark infringement and counterfeiting and unfair competition under Florida law; and (v) Defendants have been unjustly enriched and have committed unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201.

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Products,

and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dress, and/or the Coach Design Elements;

      2.     engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or

      3.     engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dress to be diluted.

    C.     Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Counterfeit Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

    D.     Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    E.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

    F.     Awarding Coach statutory damages of two million ($2,000,000) per counterfeit mark per type of good used in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400

wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.     Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.     Awarding Coach actual and exemplary damages to which it is entitled pursuant to applicable federal and state laws;

I.      Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

J.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

K.     Awarding Coach such additional and further relief as the Court deems just and proper.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  November 21, 2011

Respectfully submitted,

David B. Rosemberg (582239)
drosemberg@broadandcassel.com
BROAD AND CASSEL
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305.373.9400
Facsimile:  305.373.9443
*Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*