UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., a Maryland corporation, and
COACH SERVICES, INC., a Maryland
corporation,

    Plaintiffs,

v.                                                    Case No.  6:11-cv-1905-Orl-19TBS

VISITORS FLEA MARKET, LLC, DELROY
JOSEPHS, JULIO BATISTA, LUIS FREITES,
LILY SY, SOMPRATHANA, VONGUILATH,
MATILDE SEGURA, and DOES 1
THROUGH 3,

    Defendants.

## ORDER

Pending before this Court is Defendant, Visitors Flea Market, LLC's ("Landlord"), Motion to Compel Discovery (Doc. 48).  For the following reasons, the motion is due to be granted.

### I. Background

Plaintiffs, Coach, Inc. and Coach Services, Inc. (together "Coach") manufacture, market and sell high quality goods throughout Florida and the rest of the United States.[1]  Coach has a variety of widely recognized, legally-protected trademarks, trade dress, design elements and copyrights which it uses in the advertisement and sale of its products.  In February, 2011, an investigator employed by Coach visited the Visitors Flea Market in Kissimmee, Florida.  While there, the

---

[1] Unless a different source is indicated all of the facts are taken from Plaintiff's complaint (Doc. 1).

investigator observed vendors offering for sale and selling counterfeit Coach merchandise. Landlord owns the flea market where it provides spaces to vendors who sell merchandise to the public. Based upon the investigator's observations, Coach sent a cease and desist notice to Landlord in an attempt to compel Landlord's cooperation in stopping the allegedly infringing conduct occurring on its premises. Coach filed this lawsuit after its investigator returned to the flea market in August, 2011, and again observed numerous vendors displaying and selling counterfeit Coach products. Coach's complaint alleges trademark and trade dress infringement, counterfeiting, false designation of origin, false advertising, trademark dilution, copyright infringement, injury to business reputation, deceptive and unfair trade practices, unfair competition and unjust enrichment.

On May 18, 2012, the Landlord's attorney noticed the deposition of Coach's corporate representative to occur on June 7, 2012. (Doc. 48). The deposition notice included a request for production of the following documents ("Documents"):

> 1. All manuals, guidebooks and materials provided by Plaintiff to any of the investigators used in this action.
>
> 2. Any and all written materials used by Coach to train any employee or agent or to distinguish authentic Coach merchandise from counterfeit merchandise. (Id.)

At 9:17 p.m. on the night before the deposition, Coach's lawyer sent the following email to Landlord's lawyer:

> In light of Mr. Joseph's testimony earlier today wherein he admitted to being willfully blind to the counterfeiting activities at the market, we no longer believe that the confidential training manuals have any relevance in this case. Accordingly, we will be delaying the production of these documents so that my clients can file a motion for

-2-

> protective order and the court rule on this issue.  Also, since you have indicated that you will not agree to any attorneys eyes only designation for certain discovery materials, which includes testimony from Coach's corporate representative relating to specific confidential indicia of authenticity of Coach merchandise, we must also address this in the motion for protective order.
>
> Please feel free to call my cell xxx.xxx.xxxx to discuss.

Coach has not sought a protective order and now, Landlord is asking this Court to compel production of the Documents.  (Doc. 48).  Coach's response to the motion was due July 9, 2012.  On July 3, its lawyer filed an unopposed for an extension of time, through July 13, 2012 within to respond to the motion to compel.  (Doc. 50).  The Court granted the motion.  (Doc. 51).  On July 13, 2012, Coach moved for a second extension of time, through July 19, 2012 within to respond to the motion to compel.  The Court denied this motion for the reasons stated in its Order (Doc. 57).  Although Coach has not filed a paper in opposition to the Landlord's motion to compel, the Court presumes the motion is opposed for the reasons stated in counsel's email.

## II. Discussion

Apparently, Coach did not contest the relevancy of the Documents until Defendant, Delroy Joseph was deposed on June 6, 2012.  Based upon his testimony, Coach decided the Documents were not relevant and stated its intent to file a motion for protective order.  For unknown reasons, Coach never filed that motion.

"The United States Supreme Court has recognized that the discovery rules 'are to be accorded a broad and liberal treatment' and discovery should be allowed if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  Dunbar v. United States, 502 F.2d 506, 509-510 (5th Cir. 1974)

(quoting Hickman v. Taylor, 329 U.S. 495, 507-508 (1947)). Parties may obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed.R.Civ.P. 26(b)(1); and Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 206 F.R.D. 518, 520 (S.D. Fla. 2002) (parties are entitled to the facts relevant to the litigation.). The party requesting discovery has the threshold burden of demonstrating that it is relevant. Zorn v. Principal Life Ins. Co., 2010 WL 3282982 at *2 (S.D. Ga. Aug. 18, 2010) (citing Canada v. Hotel Development-Texas, Ltd., 2008 WL 3171940 at *1 (N.D. Tex. July 30, 2008)). Here, Landlord is entitled to learn how counterfeit Coach merchandise is identified and how and why Coach believes Landlord should have been able to detect counterfeit merchandise. Therefore, the Documents are relevant and Landlord's motion to compel is GRANTED. The Documents shall be produced to counsel for Landlord within ten days from the rendition of this Order.

Both parties understand that Coach treats as confidential, at least some of the indicia of authenticity of its products. There is no privilege against the disclosure of trade secrets or other confidential information. A.H. Robins Co. v. Fadely, 299 F.2d 557, 561 (5th Cir. 1962).[2] Still, assuming some or all of the Documents are confidential, the "court's duty [is] to balance [Landlord's} interest in obtaining the [Documents] against [Coach's] interest in keeping that information confidential." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Applying this directive to the instant case, it is appropriate that Coach produce the Documents

---

[2] Decisions of the Fifth Circuit Court of Appeal that existed on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206 (11th Cir. 1981).

to counsel for Landlord and that Landlord's counsel not divulge the Documents or their contents to anyone except expert witnesses who have a legitimate need to know the information and to the extent the information in the Documents is appropriately used at depositions.  If, for some reason, this is not satisfactory, the aggrieved party may apply to the Court for relief but such application shall not delay production of the Documents.

Because Landlord's motion to compel is being granted, the Court must order the payment of Landlord's reasonable expenses, including attorneys' fees, except in three circumstances none of which are present.  Fed.R.Civ.P. 37(a)(5)(A).  Therefore, Landlord shall recover from Coach, its reasonable expenses, including attorneys' fees, incurred in the prosecution of this motion to compel.  If the parties are unable to agree upon the amount within ten days from the rendition of this Order, Landlord shall file its written application for expenses and Coach shall have fourteen days to respond.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on July 23, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel