UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., a Maryland
corporation, and COACH
SERVICES, INC., a Maryland
corporation,

    Plaintiffs,

vs.                                                Case No.: 6:11-cv-1905-Orl-19TBS

VISITORS FLEA MARKET, LLC,
DELROY JOSEPHS, JULIO
BATISTA, LUIS FREITES, LILY SY,
SOMPRATHANA, VONGUILATH,
MATILDE SEGURA and DOES 1
THROUGH 3,

    Defendants.

---

## ORDER

Pending before the Court is Plaintiffs' Motion to Vacate the Court's Order [DE 58] and to Enter Order Denying Motion to Compel [DE 48] as Moot. (Doc. 59). Defendants Visitors Flea Market and Delroy Josephs (hereinafter "VFM") have filed a response in opposition. (Doc. 63). This is a trademark infringement action, in which Plaintiffs allege numerous violations of law by Defendants, the owners and tenants of a flea market. (Doc. 1). Plaintiffs claim that Defendants offered for sale hundreds of counterfeit items that imitate Plaintiffs' trademark and logo. On May 18, 2012, VFM noticed the deposition of Plaintiffs' corporate representative to occur on June 7, 2012. (Doc. 48). The deposition notice included a request for the production of certain documents. (Id.) The documents were not produced and on June 22, 2012, VFM filed a motion to compel

production of "all manuals, guidebooks and materials provided by [Plaintiffs] to any of the investigators used in this action and any and all materials used by [Plaintiffs] to train any employee or agent how to distinguish authentic Coach merchandise from counterfeit merchandise."  (Doc. 48).   Plaintiffs requested and were granted an extension of time to respond to VFM's motion to compel.   (Docs. 50 and 51).   Plaintiffs requested a second extension of time, through July 19, 2012, which was denied because Plaintiffs had not complied with our local rules.   (Docs. 54 and 57).   On July 23, which was four days after Plaintiffs sought-after second extension would have expired, and without having received a response from Plaintiffs, this Court granted VFM's motion to compel and awarded VFM attorneys' fees and costs.   (Doc. 58).   VFM has filed its application for attorney's fees (Doc. 64) and the Court is currently awaiting Plaintiffs' response.

     Plaintiffs seek vacation of the Court's Order granting VFM's motion to compel, arguing that the Order is moot because Plaintiffs have complied with VFM's request to produce.   (Doc. 59).   Plaintiffs say they delayed in responding to VFM's production request and motion to compel because the documents in question are highly sensitive and Plaintiffs wanted to put a confidentiality agreement in place before producing them. (Id.)   On July 16 the parties entered into a confidentiality agreement governing the exchange of discovery.   (Id.)   Counsel for Plaintiff states that after the confidentiality agreement was signed, he handed the requested documents to the lawyer for VFM. (Doc. 59 at 16).   Plaintiffs argue this production rendered moot VFM's motion to compel. (Id.)   VFM says the documents were produced not by Plaintiffs but by a third party deponent named Eric Rosaler.   (Doc. 63).   However, the pages of Mr. Rosaler's deposition, furnished by VFM, appear to confirm Plaintiffs' version of how VFM received the documents.   (Id. at page 6).

Following the Rosaler deposition, VFM's lawyer emailed Plaintiffs' lawyer, requesting confirmation that the documents produced by Mr. Rosaler were in response to the deposition schedule and that Plaintiffs had produced everything responsive to VFM's request.  (Doc. 63, page 7).   Plaintiff's lawyer answered that he thought so but would get confirmation.   (Id.)   On July 20, 2012, Plaintiffs' lawyer emailed VFM's lawyer confirming that all the documents had been produced.   (Id. at page 2).   On Sunday, July 22, 2012, Plaintiffs' lawyer emailed VFM's lawyer again, this time asking if the motion to compel would be withdrawn.   (Id.)

Now, Plaintiffs assert that they have "produced all discovery materials requested by the Defendants, thereby rendering Defendants' motion to compel moot."  (Doc. 59 at 23).   They also contend that VFM's lawyer "ignored [requests by Plaintiffs' lawyer] to timely withdraw Defendants motion to compel."  (Id.)   In its response, VFM states that it ". . . believe[s] that based on the prior testimony of Coach's corporate representative, and the representation made by counsel during the deposition of Mr. Rosaler, that [Plaintiffs have] not produced any documents responsive to their request or the subject of their Motion to Compel."  (Doc. 63, page 3).   So, Plaintiffs' lawyer has represented that all documents were produced and VFM's lawyer has represented that he doesn't believe any responsive documents have been produced.   In light of these irreconcilable positions, the Court will set a hearing to determine where the truth lies and if sanctions are appropriate.

In the meantime, it is clear Plaintiffs objected to VFM's request for the production of certain documents which Plaintiffs deem confidential.   The parties were unable to agree upon the terms of a confidentiality agreement by the date the production was due.  "If a party objects to opposing counsel's manner of conducting discovery, including

3

depositions, the proper remedy is to seek a protective order." McDonald v. Cooper Tire & Rubber Co., 186 F. App'x 930, 931 (11th Cir. 2006) (citing Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1325 (11th Cir. 2002)).   Federal Rule of Civil Procedure 26 provides that a party may file a motion for protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research development, or commercial information not be revealed or be revealed only in a designated way."   Fed. R. Civ. P. 26(c)(1)(G).   Plaintiffs could have sought a protective order as soon as VFM requested the materials at issue and in fact, Pllaintiffs informed VFM of their intention to file a motion for protective order.   For reasons unknown to the Court, Plaintiffs did not file a motion for a protective order and chose to go forward with the depositions.

Later, after VFM filed its motion to compel, Plaintiffs had ample opportunity to respond.   Plaintiffs first filed a motion to extend time until July 13, which the Court granted.   On July 13, Plaintiffs filed a second motion to extend time, seeking to file their response by July 19.   Plaintiffs aver that they fully complied with Defendants' production request on July 16 but they did not notify the Court of their compliance and the emails provided by the parties suggest that Plaintiffs did not confirm production of all the requested documents until July 20.   On July 20, this Court denied Plaintiffs' motion for a second enlargement of time.   Plaintiffs admit in their motion that they did not even start preparing their response to VFM's motion to compel until July 23, the day the Court entered its Order granting VFM's motion.   (Doc. 59 ¶ 24).   In sum, Plaintiffs failed to seek a protective order, they failed to produce the documents within the time allotted, they failed to notify the Court that they had produced the documents, and they failed to serve a timely response to the motion to compel.   On this record, the Court finds that the Order

granting the motion to compel was properly entered and should not be vacated.

For the foregoing reasons, Plaintiffs' Motion to Vacate the Court's Order [DE 58] and to Enter Order Denying Motion to Compel [DE 48] as Moot is **DENIED**.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando Florida, on August 8, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to counsel of record.