UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., a Maryland
corporation, and COACH
SERVICES, INC., a Maryland
corporation,

    Plaintiffs,

vs.                                                             Case No.: 6:11-cv-1905-Orl-19TBS

VISITORS FLEA MARKET, LLC,
DELROY JOSEPHS, JULIO
BATISTA, LUIS FREITES, LILY SY,
SOMPRATHANA, VONGUILATH,
MATILDE SEGURA and DOES 1
THROUGH 3,

    Defendants.`

_____

## ORDER

    Pending before the Court is Defendants' Amended Motion to Unseal Document (Doc. 56), and Plaintiffs' response thereto (Doc. 60).   This is a trademark infringement action in which Plaintiffs allege numerous violations of law by Defendants, the owners and tenants of a flea market.   (Doc. 1).   Plaintiffs claim that Defendants offered for sale hundreds of counterfeit items that imitate Plaintiffs' trademark and logo.

    The Parties are currently in the discovery phase of this case.   Defendants seek to unseal the deposition of Mr. Ethan Lau given in the case of <u>Coach, Inc. et al. v. Wagon Wheel Market, Inc. et. al.</u>, Case No. 8:11-cv-826-MSS-TBM.   In that action, the Honorable Mary S. Scriven, District Court Judge for the Middle District of Florida, ordered that Mr. Lau's testimony be kept under seal until otherwise ordered by that court.   (Doc. 60-1).   The Order also stated that it was "without prejudice to any party or third party

seeking to have the seal lifted as to any of these documents when the documents are actually introduced in evidence at trial." (Id.) To my knowledge, the seal has not been lifted. It appears from a review of the docket in <u>Wagon Wheel</u> that those parties have filed a final stipulation of dismissal. Case No. 8:11-cv-826-MSS-TBM, Doc. 130. This Court does not know what effect a dismissal with prejudice in that case will have on the Order to seal.

Plaintiffs have designated Mr. Lau as their expert witness regarding the authenticity of the alleged counterfeit items at issue in this action. Defendants argue that because Mr. Lau was Plaintiffs' corporate designee in <u>Wagon Wheel</u>, his testimony in that case may be used for any purpose in this litigation under Rule 32(a)(3).[1] Defendants also contend that Plaintiffs have no good cause to maintain the confidentiality of the documents, because Defendants only intend to make certified copies of the deposition and then return the originals to the Court for re-sealing and the Defendants will abide by the Parties' stipulated confidentiality agreement.

Defendants ask me to modify an order entered by a District Judge in a case in which I have not presided. Defendants do not address these issues in their motion, but presume that this Court has the authority to act. It is well-settled that courts have inherent control of their own dockets. <u>Kendall v. Thaxton Road, LLC</u>, 442 F. App'x 388, 393-94 (11th Cir. 2011). What is less-settled is whether a court has any control over a sister court's docket. This Court is unwilling to usurp control over a sister court's docket and mandate that the clerk of courts in Tampa, Florida open a file sealed by a District Judge. Additionally, Defendants ignore the fact that there was another party to the

---

[1] In their motion, Defendants consistently cite to Fed. R. Civ. P. 32(a)(2). However, after a review of Rule 32, it is evident that Defendants meant to cite to 32(a)(3), entitled "Deposition of Party Agent, or Designee."

Wagon Wheel case who has not had an opportunity to be heard and who may have good cause to keep Mr. Lau's deposition sealed.

Accordingly, Defendants' Amended Motion to Unseal Document (Doc. 56) is **DENIED**.

**IT IS SO ORDERED**.

**DONE AND ORDERED** in Chambers in Orlando Florida, on August 15, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of record.