UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:11-cv-01905-PCF-TBS

COACH, INC., a Maryland corporation,
and COACH SERVICES, INC.,
a Maryland corporation,

Plaintiffs,

v.

VISITORS FLEA MARKET, LLC,
DELROY JOSEPHS, JULIO BATISTA
LUIS FREITES, LILY SY,
SOMPRATHANA VONGUILATH, and
MATILDE SEGURA,

Defendants.
_______________________________________/

**JOINT FINAL PRETRIAL STATEMENT**

Pursuant to the Court's Case Management and Scheduling Order [D.E. 32] and Local Rule 3.06(c), Plaintiffs Coach, Inc. and Coach Services, Inc. (together "Plaintiffs or "Coach") and Defendants Visitors Flea Market, LLC (the "Flea Market") and Delroy Josephs ("Josephs") (collectively "Defendants") submit this Joint Pretrial Stipulation.

1. **BASIS FOR FEDERAL JURISDICTION**

This Court has subject matter jurisdiction over the claims in this action that relate to allegation of trademark counterfeiting and infringement and copyright infringement pursuant to the provisions of 15 U.S.C. § 1121, 28 U.S.C. § 1331 and §1338, and 17 U.S.C. § 101. Plaintiffs assert that this Court has supplemental jurisdiction over the claims in this action that arise under the statutory and the common law of the State of Florida pursuant to 28 U.S.C.

§ 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive form a common nucleus of operative fact. The jurisdiction of this Court is *not disputed.*

## 2. CONCISE STATEMENT OF THE NATURE OF THE ACTION

Plaintiffs maintain the following claims against the Flea Market and Delroy Josephs: Trademark counterfeiting and infringement pursuant to 15 U.S.C. § 1114 (Count I); Trade dress infringement pursuant to 15 U.S.C. § 1125 (Count II); False designation of origin and false advertising pursuant to 15 U.S.C. § 1125 (Count III); Trademark dilution pursuant to 15 U.S.C. § 1125 (Count IV); Copyright infringement pursuant to 17 U.S.C. § 101, *et. seq.* (Count V); Trademark dilution pursuant to Florida Stat. § 495.151 (Count VI); Common law unfair competition (Count VII); Deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201 (Count VIII) and; Common law unjust enrichment (Count IX). Pursuant to Rule 41, Plaintiffs move to dismiss Counts II and IX of the Complaint as duplicative or moot and to streamline the main issues to be resolved at trial. The parties' are in agreement that each party shall bear their own attorneys' fees and costs associated with the dismissal of Counts II and IX.

## 3. BRIEF GENERAL STATEMENT OF EACH PARTY' S CASE

### A. <u>Plaintiffs</u>

Coach is engaged in the manufacture, marketing and sale of fine leather and mixed material products, including handbags, wallets, and accessories, including eyewear, footwear, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States. Coach owns, among others, the following federal trademark registrations:

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | Coach est. 1941 |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | COACH LEATHERWARE EST. 1941 |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | COACH |

| | | | | |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for inter alia handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |

Coach also has valid copyrights registered with the Copyright Office for its design elements, including the Coach Op Art Design with registration number VA1-694-574, and its Coach Heritage logo with registration number VA1-714-051.

The Flea Market and Josephs are liable to Coach for the illegal, counterfeiting conduct of their vendors at the Visitors Flea Market. Specifically, over the course of nearly three years, the Flea Market and Josephs were repeatedly warned as to the sale of counterfeit merchandise, including Coach products, by their vendors, and cautioned to institute appropriate efforts to stop their vendors from engaging in this illegal activity. The Flea Market and Josephs actions and omissions were willful. They turned a willful blind eye to the counterfeiting and continued to

profit from allowing the illegal activities. Accordingly, Coach is seeking statutory damages pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504 for willful conduct, attorneys' fees and costs.

**B. Defendants**

For approximately 12 years, the Visitors Flea Market, LLC ("VFM") has owned and operated an indoor flea market with approximately 250 vendor booths, named Visitors Flea Market, located in Kissimmee, Florida. Defendant Delroy Josephs ("Mr. Josephs") is the sole member of VFM. (Approximately four to five years ago, Mr. Josephs, a 67-year old single father of 7 year old twins, essentially retired and ceased the day-to-day management of the flea market and relocated his primary residence to the Cayman Islands, where he could focus on raising his two young children. Upon his retirement, Mr. Josephs delegated all authority regarding the day-to-day management of VFM to his long and trusted friend, John Waryas ("Mr. Waryas"), and the administrative functions to the flea market's secretary, Vindrawatie Daharry ("Ms. Daharry"). Since ceasing full time management of VFM, Mr. Josephs is only present in the flea market intermittently, approximately every few months, and no more than an hour or so at any given time. Since delegating day-to-day management of VFM, Mr. Josephs has not had contact with any vendors of the flea market other than to perhaps say hello in passing.

In or around February 2011, Coach hired AED Investigations, Inc. (AED) to investigate VFM to determine if there were counterfeit Coach items being sold at the market. On February 9, 2011, Jason Kromash, a "confidential informant" of AED, purchased three items bearing Coach marks from vendors at the flea market and sent them to Coach. AED did not speak to anyone with flea market management. Coach, based on the results of AED's investigation, concluded that counterfeit items bearing Coach marks were being trafficked at the market. On March 28, 2011, Coach sent a letter to VFM alleging that "tenants" at the flea market were

trafficking in counterfeit merchandise bearing "one or more" trademarks of Coach, Inc. The letter does not identify any specific tenant, at any specific booth, nor does it identify any specific mark on any specific item.

In response to the March 28, 2011 letter, Mr. Waryas hand delivered letters to the flea market vendors and reiterated that although VFM was unable to determine what items may be counterfeit or authentic, that VFM policy did not allow counterfeit items to be sold at the market, and that the vendors were responsible for removing any questionable items. In August, 2011, Coach's investigator returned to the market and hand delivered cease and desist notices to five individuals, Julio Batista, Dortis Garcia (on behalf of Sompranthana Vongvilath), Jose Ortega (on behalf of Matilde Segura), Lily Sy, and Amanda Toro (on behalf of Louis Frietes). On or around November 19, 2011, a raid was conducted at the flea market by Immigration and Customs Enforcement (ICE), wherein items allegedly bearing Coach marks were seized from a approximately six flea market vendors. There were no arrests made of VFM vendors as a result of the raid conducted on November, 19, 2011. No one from ICE has ever contacted VFM and identified the items seized on November 19, 2011 as counterfeit. There is no evidence of any alleged counterfeit Coach items at the flea market after November 19, 2011. After November 19, 2011, VFM contacted Coach through its counsel to ask for assistance in identifying counterfeit items, and invited Coach to its premises to assist in conducting a search. Coach refused to assist VFM by sending a representative to the market to conduct a search with VFM management.

4. **LIST OF ALL EXHIBITS AND RULE 5.04 EXHIBIT SUBSTITUTES TO BE OFFERED AT TRIAL WITH NOTATION OF ALL OBJECTIONS**

See Plaintiff's Exhibit List attached as Exhibit "A"

See Defendants' Exhibit List attached as Exhibit "B"

5. **LIST OF ALL WITNESSES WHO MAY BE CALLED AT TRIAL**

See Joint Witness List attached Exhibit "C"

6. **LIST OF ALL EXPERT WITNESSES INCLUDING A STATEMENT OF THEIR SUBJECT MATTER AND SUMMARY OF THE SUBSTANCE OF HIS OR HER TESTIMONY**

**Plaintiffs' Expert**: Ethan Lau, Esq: Mr. Lau will offer his opinion regarding the authenticity of two handbags and one swing pack bearing Coach trademarks and copyrights, that were purchased by Coach's investigator, AED Investigations, Inc. on February 9, 2011 from various vendors operating at the Visitors Flea Market. Mr. Lau will also offer his opinion regarding the authenticity of the items depicted in the photographs bates-stamped 03735 through 03784 attached to his expert report. These photographs were produced by Coach's investigator, Eric Rosaler in connection his investigation of the Visitors Flea Market in August, 2011 and November, 2011. Although Coach does not believe that Mr. Lau's opinion regarding the counterfeit nature of the items purchased and seized at the Visitors Flea Market constitutes expert opinion, Plaintiffs have nevertheless designated Mr. Lau as an expert witness in an abundance of caution.

7. **STATEMENT OF ELEMENTS OF PLAINTIFFS CLAIMS OF MONEY DAMAGES AND THE AMOUNT OF MONEY BEING SOUGHT**

Coach seeks statutory damages pursuant to 15 U.S.C. §1117(c) in an amount no less than the minimum statutory award of $200,000 and no greater than the maximum statutory award of $2,000,000 for each trademark willfully infringed for each type of good infringed. In this case, Coach has identified 11 marks per handbag, 7 marks per wallet, 4 marks per wristlet, 8 marks per backpack, 8 marks per swing pack, 2 marks per sandals, 2 marks per scarf and 1 mark per hat/cap. Coach also seeks statutory damages pursuant to 17 U.S.C. § 504(c) in an amount no less than $30,000 and no greater than $150,000 per copyright willfully infringed. In this case, Coach has identified at least 2 copyrights infringed. Coach also seeks injunctive relief to prevent any future violation of Coach's trademarks and copyrights, and dilution of the distinctive quality of the marks. Finally, Coach seeks its attorneys' fees and costs in an amount to be determined following the conclusion of this litigation.

8. **LIST OF ALL DEPOSITIONS TO BE OFFERED INTO EVIDENCE A TRIAL (EXCLUDING IMPEACHMENT) INCLUDING DESIGNATION OF THE PAGES AND LINES TO BE OFFERED FROM EACH DEPOSITION:**

See Plaintiffs' Deposition Designations attached as Exhibit "D"

9. **CONCISE STATEMENT OF THE FACTS WHICH ARE ADMITTED AND WILL REQUIRE NO PROOF AT TRIAL, TOGETHER WITH ANY RESERVATIONS DIRECTED TO SUCH ADMISSIONS**

1. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

2. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly-owned subsidiary of Coach, Inc.

3. Visitors Flea Market, LLC is the owner and co-operator of the Visitors Flea Market (the "Flea Market") located at 5811 W. Irlo Bronson Hwy., Kissimmee, Florida.

4. The Flea Market is located inside a building and contains 250 sales booths, a gift shop, and a Sizzling Restaurant.

5. The Flea Market is open seven days a week from 9:30 a.m. until 8:00 p.m., which extends to 9:30 p.m. during busier times like holidays.

6. The Flea Market's largest revenue stream is derived from booth rentals.

7. Delroy Josephs is the sole corporate officer and manager of the Flea Market and Visitors Plaza, Inc.

8. Delroy Josephs signs all tax returns on behalf of the Flea Market.

9. The Flea Market maintains an advertising budget in excess of $100,000 per year and advertises through the internet, brochures, billboards, magazines, coupons, and other media.

10. Coach filed its lawsuit against the Flea Market and Josephs on November 22, 2011.

11. The Flea Market personnel do not perform any inspections of its vendors merchandise during operating hours.

12. Before this lawsuit, the Flea Market never voluntarily contacted Coach at any time.

## 10. CONCISE STATEMENT OF THE APPLICABLE PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT

Count I -- Trademark counterfeiting and infringement is governed by 15 U.S.C. § 1114

Count III -- False designation of origin and false advertising is governed by 15 U.S.C. § 1125

Count IV – Federal trademark dilution is governed by 15 U.S.C. § 1125

Count V -- Copyright infringement is governed by 17 U.S.C. § 101, *et. seq.*

Count VI – Florida trademark dilution is governed by Fla. Stat. § 495.151

Count VII -- unfair competition is governed by Florida common law.

Count VIII -- Deceptive and unfair trade practices is governed by Fla. Stat. § 501.201

11. **CONCISE STATEMENT OF THOSE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED**

1. Did any of the tenants at the Visitors Flea Market sell or offer to sell Counterfeit merchandise bearing Coach's Trademarks?

2. Which of Coach's Trademarks were counterfeited on the merchandise that was sold or offered for sale by tenants at the Visitors Flea Market?

3. Is Defendant Visitors Flea Market contributorily liable for trademark infringement?

4. Is Defendant Visitors Flea Market's trademark infringement willful?

5. Is Defendant Delroy Josephs contributorily liable for trademark infringement?

6. Is Defendant Delroy Josephs' trademark infringement willful?

7. Did the tenants at the Visitors Flea Market sell or offer to sell Counterfeit merchandise bearing Coach's Copyrights?

8. Which of Coach's copyrights were counterfeited on merchandise that were sold or offered for sale by tenants at the Visitors Flea Market?

9. Is Defendant Visitors Flea Market contributorily or vicariously liable for copyright infringement?

10. Is Defendant Visitors Flea Mark's copyright infringement willful?

11. Is Defendant Delroy Josephs contributorily or vicariously liable for copyright infringement?

12. Is Defendant Delroy Josephs' copyright infringement willful?

13. Are Defendants' contributorily liable for False Designation of Origin?

14. Are Defendants' contributorily liable for Trademark Dilution (Federal and State law claims)?

15. Are Defendants' contributorily liable for Unfair Competition?

16. Are Defendants' liable for Deceptive and Unfair Trade Practices?

17. Did Coach provide the requisite notice of registration of the marks it claims were infringed upon, thereby affording Coach the right to seek recovery for damages for the alleged infringement?

## 12. CONCISE STATEMENT OF THOSE ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

1. Is Coach entitled to statutory damages pursuant to 15 U.S.C. § 1117(c)

2. Is Coach entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1117(a)

3. Is Coach entitled to statutory damages pursuant to 17 U.S.C. § 504

4. Is Coach entitled to an injunction pursuant to 15 U.S.C. § 1125, et seq.

5. Is Coach entitled to attorney's fees and costs pursuant to 17 U.S.C. § 504.

6. Is Statutory or actual notice pursuant to 15 U.S.C. § 1111 required in the context of counterfeit products.

7. Can a defendant be held contributorily liable for False Designation of Origin, Trademark Dilution, Common Law Unfair Competition or violations pursuant to Florida Statute 501.201?

## 13. CONCISE STATEMENT OF ANY DISAGREEMENT AS TO THE APPLICATION OF THE FEDERAL RULES OF EVIDENCE OR THE FEDERAL RULES OF CIVIL PROCEDURE AND EVIDENTIARY STIPULATION

The parties are not aware of any such issues at this time.

## 14. LIST OF ALL MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT

1. Plaintiffs' Motion for Partial Summary Judgment against the Flea Market and Delroy Josephs [DE 71].

2. Plaintiffs' Omnibus Motion in Limine [yet to be filed]

3. Defendants' Motion in Limine [yet to be filed]

4. Defendants Motion for Summary Judgment [DE 73]

15. **MISCELLANEOUS**

a. The parties estimate 6-8 days for trial – Jury Trial

b. The possibility of settlement has been considered by the parties but it is not likely. The underlying action was mediated on July 12, 2012.

c. Any exhibits for which there is no objection, should be received into evidence at the start of trial.

d. The Parties Joint Proposed Jury Instructions are attached as Exhibit "E."

e. Plaintiffs' proposed Voir Dire Questions are attached as Exhibit "F." Defendants' proposed Voir Dire Questions are attached as Exhibit "G"

f. The Parties were unable to agree on a single proposed Verdict Form. Accordingly, Plaintiff's Proposed Verdict Form is attached as Exhibit "H." Defendants' Proposed Verdict Form is attached as Exhibit "I."

e. Counsel for Plaintiffs respectfully request as much advanced notification of the exact trial start date as possible, because one or more of Plaintiffs' witnesses resides outside of the State of Florida and will need to make travel arrangements.

*/s/* David B. Rosemberg
DAVID B. ROSEMBERG, P.L. (582239)
drosemberg@broadandcassel.com
BROAD AND CASSEL
2 S. Biscayne Blvd., 21st Floor
Miami, Florida 33131
Telephone: 305.373.9437
Facsimile: 305.373.9443
*Attorneys for Plaintiffs Coach, Inc., and Coach Services, Inc.*

*/s/* Rodger D. Moss, Jr.
RODGER D. MOSS, JR., ESQ. (153915)
rmoss@zkslawfirm.com
ZIMMERMAN, KISER & SUTCLIFFE, P.A.
315 E. Robinson Street, Suite 600
Orlando, Florida 32802
Telephone: 407.425.7010
Facsimile: 407.425.2747
*Attorneys for Defendants Visitors Flea Market, LLC and Delroy Josephs*