UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:11-cv-02624-EAK-AEP

COACH, INC., a Maryland corporation,
and COACH SERVICES, INC.,
a Maryland corporation,

Plaintiffs,

v.

VISITORS FLEA MARKET, LLC., a Florida
corporation, and DELROY JOSEPHS,
JULIO BATISTA, LUIS FREITES,
LILY SY, SOMPRATHANA
VONGUILATH, MATILDE SEGURA,
AND
DOES 1 THROUGH 3

Defendants.
_____________________________________/

# JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Case Management and Scheduling Order [D.E. 32], and Local Rule 3.06(e), Plaintiffs Coach, Inc., a Maryland corporation and Coach Services, Inc., a Maryland corporation (collectively "Plaintiffs" or "Coach") and Defendants Visitors Flea Market, LLC ("Visitors Flea Market") and Delroy Josephs ("Josephs") (collectively "Defendants") submit their Joint Proposed Jury Instructions.[1]

[1] The parties are also submitting their Joint Proposed Instructions to the Court via email in WordPerfect format as required. Defendants generally object to the Plaintiffs' Proposed Jury Instructions to the extent they differ from the instructions and questions contained in the Defendants' proposal. Defendants also generally object to the Plaintiffs' Proposed Jury Instructions to the extent that they are slanted and overly burdensome on the jury, and in favor of the Plaintiffs.

## JOINT PROPOSED JURY INSTRUCTION NO. 1

**<u>Preliminary Instructions Before Trial</u>**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

Transcripts Not Available: You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them. However, you may, if necessary, ask me if certain portions of the trial testimony can be read to you.

Exhibits Will Be Available: On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

Note taking – Permitted: If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory; and if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one

side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**Authority**: Pattern Federal Civil Jury Instructions, Eleventh Circuit, Preliminary Instructions (2005).

## JOINT PROPOSED JURY INSTRUCTION NO. 2

### **<u>Jury's Role</u>**

Your job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit.

In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.

I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.

You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.

All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to

dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.

**Authority:** Florida Standard Jury Instructions in Civil Cases, 201.2

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

**<u>Consideration of the Evidence – Duty to Follow Instructions</u>**
**<u>Corporate Party Involved</u>**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

Because this case involves a couple legal entities, I will explain to you what a legal entity is, how the law treats a legal entity, how a legal entity can act and when a legal entity is legally responsible for the actions of those who purport to act for it.

Defendant Visitors Flea Market, LLC ("Visitors Flea Market") is a legal entity, known as a limited liability company, organized and existing under the laws of the State of Florida. Plaintiff Coach, Inc. is a legal entity, known as a corporation organized and existing under the law of Maryland. Plaintiff Coach Services, Inc. is a legal entity, also known as a corporation organized and existing under the laws of Maryland.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Authority:** Eleventh Circuit District Judges Association, "Basic Instruction No. 2.2," Pattern Jury Instructions (Civil) (2005) (modified).

**JOINT PROPOSED JURY INSTRUCTION NO. 4**

**Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or defense by preponderance of the evidence you should find against the party making that claim or defense.

**Authority**: Adapted from Eleventh Circuit District Judges Association, "Basic Instruction No 6.2," Pattern Jury Instructions (Civil)(2005).

## JOINT PROPOSED JURY INSTRUCTION NO. 5

### Credibility Of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Authority:** Eleventh Circuit District Judges Association, "Basic Instruction No. 3," Pattern Jury Instructions (Civil), (2005).

## JOINT PROPOSED JURY INSTRUCTION NO. 6

**Impeachment of Witnesses - Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority:** Eleventh Circuit District Judges Association, "Basic Instruction No. 4.1," Pattern Jury Instructions (Civil), (2005).

## JOINT PROPOSED JURY INSTRUCTION NO. 7

**<u>Expert Witnesses – General Instruction</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

**Authority:** Eleventh Circuit District Judges Association, "Basic Instruction No. 5.1" and "Basic Instruction No. 5.2," Pattern Jury Instructions (Civil), (2005).

**JOINT PROPOSED JURY INSTRUCTION NO. 8**

**<u>Deposition Testimony</u>**

Members of the jury, the sworn deposition testimony of __________________ [*name of witness*], given before trial, will now be presented. You are to consider and weigh this testimony as you would any other evidence in the case and as though the witness were testifying before you today.

**Authority**: Modified from Fla. Std. Jury Instr. (Civ.) 1.3a; *Gillis v. Angelis*, 312 So. 2d 536 (Fla. Ct. App.1975).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9***

**Preliminary Instruction – Trademarks**

This case involves trademarks, which are sometimes referred to simply as "marks." A trademark is any word, name, symbol, designation or any combination thereof used by a manufacturer or retailer to help consumers identify their products and distinguish them from those of their competitors. Trademarks can be brand names, such as COKE and PEPSI, or they can be symbols such as the Nike Swoosh or McDonald's golden arches. The owner of a trademark has the right to prevent others from using it. In addition, owners have a legal obligation to police their trademarks and to take appropriate steps to stop competitors and others from using their marks without permission.

**Authority:** *M. Epstein, Modern Intellectual Property*, 289 (2d ed. 1991); 15 U.S.C. §§ 1114, 1116, 1127.

*Defendants specifically object to Plaintiffs' Proposed Jury Instruction No. 9 inasmuch as the Instruction identifies particular brands.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9***

**<u>MULTIPLE CLAIMS, NUMEROUS PARTIES, CONSOLIDATED CASES</u>**

In your deliberations, you are to consider seven distinct claims: Count 1 – Trademark Counterfeiting and Infringement; Count 3 – False Designation of Origin and False Advertising; Count 4 – Trademark Dilution; Count 5 – Copyright Infringement; Count 6 – Trademark Dilution, Florida Statute 495.151; Count 7 – Unfair Competition; and Count 8 – Deceptive and Unfair Trade Practices, Florida Statute 501.201.

Although these claims have been tried together, each is separate from the other[s], and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

**Authority**: Florida Standard Jury Instructions 2.4

*Plaintiffs' object to Defendants' Proposed Instruction the grounds that it is improper as applied to the claims in the instant action. As noted by the Florida Supreme Court Committee on Standard Jury Instructions, this charge is not be given to distinguish between a primary claim and a derivative claim (*e.g.*, that of the injured party and that of his or her spouse) or between a claim against a party primarily liable and a claim against a party liable only vicariously (*e.g.*, claims against a party actively negligent and against his employer) or claims under Fla. Stat. § 768.0415.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10*

### <u>Trademark Infringement – Counterfeiting</u>

Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of a genuine trademark. A "counterfeit mark" is a false mark that is identical with, or substantially indistinguishable from, the genuine mark. Counterfeit merchandise is often made so as to imitate a well-known product in all details of construction and appearance so as to deceive customers into thinking that they are getting genuine merchandise. Thus, counterfeiting is considered "hard core" or "first degree" trademark infringement and is the most blatant and egregious form of passing off.

**<u>Authority</u>**: McCarthy on Trademarks, § 25:10; *M. Epstein, Modern Intellectual Property*, 289 (2d ed. 1991); 15 U.S.C. §§ 1114, 1116, 1127.

*Defendants specifically object to Plaintiffs' Proposed Jury Instruction No. 10 because it is slanted and argumentative in identifying counterfeiting as "hardcore" or "first degree" trademark infringement and the most blatant and egregious form of passing off.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10***

**<u>PRELIMINARY INSTRUCTION – TRADEMARK</u>**

The plaintiffs, Coach, Inc. and Coach Services, Inc., seek damages against the defendants, Visitors Flea Market, LLC and Delroy Josephs, for trademark infringement. The defendants deny infringing the trademarks. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.0 (2007).

* Plaintiffs' object to Defendants' Proposed Instruction because it mischaracterizes Plaintiffs' claims. Plaintiffs' Complaint alleges a claim for contributory trademark infringement, and not direct infringement.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11*

**Trademark Law - Theories and Polices**

The trademark laws are designed with two primary purposes in mind. First, trademark laws protect the public from being misled about the quality and source of goods they are purchasing. Second, trademark laws protect manufacturers' reputations by ensuring that competitors do not sell fake or inferior products under the trademark.

In my instructions, I will identify types of facts you are to consider in deciding if the Defendants are liable to Coach for violating trademark laws. The facts you will hear about during this case are relevant to your decision concerning whether Defendants are liable for:

1. selling counterfeit reproductions of Coach's authentic goods;
2. infringing, either directly or indirectly, Coach's registered trademarks by using designations or symbols on their goods that are likely to cause confusion among consumers;
3. unfairly competing with Coach by using designations or symbols on their goods that are likely to cause confusion among consumers;
4. diluting Coach's registered trademarks by eroding the fame of those marks and the public's exclusive identification of those marks with Coach; and
5. engaging in unfair or deceptive business practices or acts designed to deceive the public into believing that Defendants are affiliated or associated with Coach, or are using Coach's trademarks with permission.

**Authority:** 15 U.S.C. §§ 1114(1), 11125(a); 9th Cir. Model Civil Jury Instructions, Instruction No. 15.4, (2006) (modified to reflect the facts of this case).

* Defendants specifically object to Plaintiffs' Proposed Jury Instruction No. 11 to the extent that the Instruction is vague as to identifying which Defendants are accused of conduct which may give rise to liability.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11***

**THE PLAINTIFFS' BURDEN OF PROOF**

In this case, the plaintiffs, Coach, Inc. and Coach Services, Inc., contend that the defendants, Visitors Flea Market, LLC and Delroy Josephs, have infringed upon the plaintiffs' trademarks. The plaintiffs have the burden of proving by a preponderance of the evidence that the plaintiffs are the owners of valid trademarks and that the defendants infringed those trademarks. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendants infringed the plaintiffs' trademarks.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.0 (2007).

*Plaintiffs' object to Defendants' Proposed Instruction because it mischaracterizes Plaintiffs' claim. Plaintiffs' Complaint alleges a claim for contributory trademark infringement, and not direct infringement.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12**

**Trademark Infringement – Elements and Burden of Proof**

Coach is suing vendors of the Visitors Flea Market for trademark infringement and counterfeiting based on their sales of purses, handbags, wallets and other merchandise bearing marks that Coach believes are counterfeit. Coach is also suing the Visitors Flea Market and Delroy Josephs for contributing to the vendors' trademark infringement, which I will explain below. The vendors are liable for trademark infringement if Coach proves that: (1) Coach owns a valid trademark; and (2) the Flea Market's vendors used a reproduction, counterfeit, copy, or colorable imitation of Coach's registered trademark in connection with the sale or offering for sale of their products that was likely to cause confusion, or to cause mistake, or to deceive consumers.

**Authority:** 15 U.S.C. § 1114(a); *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12***

**DEFINITION OF A TRADEMARK**

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.0 (2007).

*Plaintiffs' object to Defendants' Proposed Instruction on the basis that Plaintiff's Proposed Instruction regarding defining trademarks is a more complete instruction as it is tailored to the facts of the instant action.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13**

**<u>Trademark Infringement – Elements – Likelihood of Confusion – Factors</u>**

In deciding whether Defendants used a reproduction, counterfeit, copy, or colorable imitation of Coach's registered trademark that is likely to cause confusion, you should consider the following seven factors: (1) the type of Coach's mark, and whether you consider it to be a strong trademark; (2) the similarity of the designation on Defendants' goods with Coach's trademark; (3) the similarity of the products Defendants sell with those sold by Coach; (4) the similarity of the parties' trade channels and customers; (5) the similarity of advertising media; (6) whether Defendants acted in bad faith by adopting a mark that is similar to Coach's trademark; and (7) whether there was actual confusion among consumers. No single factor is dispositive, and a finding of a likelihood of confusion need not be supported by a majority of the factors.

**<u>Authorities:</u>** *Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); 15 U.S.C. § 1114; *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1239, 1245 (S.D. Fla. 2002) <u>modified,</u> 206 F. Supp. 2d 1270 (S.D. Fla. 2002); J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition, §* 25:10, 4th Ed. (2003); *Gucci America, Inc. v. Duty Free Apparel,* 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003) ("counterfeits, by their very nature, cause confusion"); *Philip Morris U.S.A. Inc. v. Felizardo,* 2004 U.S. Dist. LEXIS 11154, *18 (S.D.N.Y. 2004) ("in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination of [the factors] because counterfeit marks are inherently confusing"); *General Motors Corp. v. Autovation Technologies, Inc.,* 317 F. Supp. 2d 756, 761 (E.D. Mich. 2004) ("a likelihood of confusion is presumed when a defendant intentionally copies a trademark design").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13***

**<u>HOW A TRADEMARK IS OBTAINED</u>**

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.0 (2007).

*Plaintiffs' object to Defendants' Proposed Instruction on the grounds that it is duplicative and unnecessary since "prior of use" of a trademark is not at issue in this case, and Defendants have never raised "prior use" as an affirmative defense.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

**Trademark Infringement – Counterfeit Marks – Likelihood of Confusion Presumed**

A "counterfeit mark" is a false mark that is identical with, or substantially indistinguishable from, the genuine mark. If you find that Defendants sold merchandise bearing counterfeit marks, then the law presumes that there is a likelihood of confusion and Coach has met its burden of proving trademark infringement.

**Authorities:** 15 U.S.C. § 1114; *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1239, 1245 (S.D. Fla. 2002) modified, 206 F. Supp. 2d 1270 (S.D. Fla. 2002); J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition, §* 25:10, 4th Ed. (2003); *Gucci America, Inc. v. Duty Free Apparel,* 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003) ("counterfeits, by their very nature, cause confusion"); *Philip Morris U.S.A. Inc. v. Felizardo,* 2004 U.S. Dist. LEXIS 11154, *18 (S.D.N.Y. 2004) ("in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination of [the factors] because counterfeit marks are inherently confusing"); *General Motors Corp. v. Autovation Technologies, Inc.,* 317 F. Supp. 2d 756, 761 (E.D. Mich. 2004) ("a likelihood of confusion is presumed when a defendant intentionally copies a trademark design").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14***

**TRADEMARK LIABILITY – THEORIES AND POLICIES**
**(15 U.S.C. §§ 1114(1), 1125(a))**

The trademark laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering foods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if the defendants are liable to the plaintiffs for violating the trademark law. These facts are relevant to whether the defendants are liable for:

1. infringing plaintiffs' registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers;

2. unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of plaintiffs' goods; and

3. unfairly competing, by using trade dress in a manner likely to cause confusion as to the origin or quality of plaintiffs' goods.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.4 (2007).

*Plaintiffs' object to Defendants Proposed Instruction on the basis that Plaintiffs Proposed Instruction regarding the theories and policies of trademark liability is a more complete instruction and tailored to the facts of the instant case.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15***

**<u>Contributory Trademark Infringement</u>**

Coach has sued Visitors Flea Market and its owner, Delroy Josephs, for contributory trademark infringement. In other words, Coach claims that, either through their actions or their inactions, Visitors Flea Market and Mr. Josephs contributed to their vendors' sales of counterfeit Coach merchandise. I will instruct you first as to Coach's claim for contributory trademark infringement against Visitors Flea Market.

Defendant Visitors Flea Market is liable for contributory trademark infringement if: (1) it continued to lease space to any vendor whom it knew or had reason to know was selling or offering for sale counterfeit Coach products; and (2) it had the ability, power or right to exercise control over the means by which vendors sold counterfeit Coach products. I will refer to the first factor as the "knowledge" factor and the second as the "control" factor, and will now explain both of those factors in more detail.

**Authorities:** *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143 (7th Cir. 1992); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 (9th Cir. 1999*); Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., 658 F.3d 936 (9th Cir. 2011); *Gucci America, Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228 (S.D. N.Y. 2010); *Coach, Inc. v. Gata Corp.,* No. 10-cv 141-LM, 2011 WL 2358671 (D. N.H. June 9, 2011); *Louis Vuitton Malletier v. Texas International Partnership, et al.,* No. 4:10-cv-02821-GHM, Order (S.D. Tex. November 18, 2011); *Louis Vuitton Malletier v. Eisenhauer Road Flea Market, Inc., et al.,* No. 5:11-cv-00124- HLH, Order Regarding Defendants' Motion for Summary Judgment (W.D. Tex. December 19, 2011).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 15 as it misstates the law for liability for contributory trademark infringement, specifically referring to "actions or inactions."

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15***

**<u>INFRINGEMENT – ELEMENTS AND BURDEN OF PROOF – TRADEMARK</u>**
**(15 U.S.C. § 1114(1))**

On the plaintiffs' claim for trademark infringement, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence that:

1. [<u>insert the plaintiffs' symbol</u>] is a valid, protectable trademark;

2. the plaintiffs own [<u>insert the plaintiffs' symbol</u>] as a trademark; and

3. the defendants used [<u>insert symbol used by the defendants</u>] [a mark similar to [<u>insert the plaintiffs' symbol</u>]] without the consent of the plaintiffs in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

If you find that each of the elements on which the plaintiffs have the burden of proof has been provided, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to provide any of these elements, your verdict should be for the defendants.

<u>Authority</u>: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.5 (2007).

* Plaintiffs' object to Defendants Proposed Instruction on the basis that Plaintiffs Proposed Instruction is a more complete instruction and tailored to the facts of the instant case.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16***

**<u>Contributory Trademark Infringement—Knowledge Factor</u>**

There are three ways in which you may find that Visitors Flea Market knew or had reason to know that its vendors were selling or offering for sale counterfeit Coach products: 1) actual knowledge; 2) constructive knowledge; or 3) willful blindness.

Defendant Visitors Flea Market had actual knowledge of its vendors' sales of counterfeit Coach products if, through their conduct, statements or observations, you find that any of the Flea Market's agents or employees had specific knowledge of any counterfeit sales taking place at the flea market. If you find that Visitors Flea Market had actual knowledge of its vendors' sales of counterfeit Coach products, then Coach has satisfied the Knowledge Factor and you need not consider constructive knowledge or willful blindness.

Defendant Visitors Flea Market had constructive knowledge of its vendors' sales of counterfeit Coach products if a reasonably prudent Flea Market operator, through its agents or employees, would have or should have known that vendors were selling counterfeit products. Therefore, in considering whether Visitors Flea Market had constructive knowledge, you must determine what a reasonably prudent flea market operator would have known or understood in light of all the facts and circumstances. If you find that Visitors Flea Market had constructive knowledge of its vendors' sales of counterfeit Coach products, then Coach has satisfied the Knowledge Factor and you need not consider willful blindness.

The third manner in which Coach can prove that Defendant Visitors Flea Market had knowledge is by proving that Visitors was willfully blind to its vendors' sales of counterfeit Coach products. Defendant Visitors Flea Market was willfully blind if its agents or employees had reason to suspect that vendors were selling counterfeit merchandise, but deliberately failed

to investigate. If you find that Visitors Flea Market was willfully blind to its vendors' sales of counterfeit Coach products, then Coach has satisfied the Knowledge Factor, regardless of whether you find that Visitors Flea Market had actual or constructive knowledge.

.

**Authorities:** *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143 (7th Cir. 1992); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996; *Coach, Inc. v. Gata Corp.,* No. 10-cv-141-LM, 2011 WL 2358671 (D. N.H. June 9, 2011); *Louis Vuitton Malletier v. Texas International Partnership,* et al., No. 4:10-cv-02821-GHM, Order (S.D. Tex. November 18, 2011); *Louis Vuitton Malletier v. Eisenhauer Road Flea Market, Inc.,* et al., No. 5:11-cv00124-HLH, Order Regarding Defendants' Motion for Summary Judgment (W.D. Tex. December 19, 2011).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 16 as it misstates the law as to knowledge.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16***

**INFRINGEMENT – LIKELIHOOD OF CONFUSION – FACTORS – SLEEKCRAFT TEST**
**(15 U.S.C. §§ 1114(1) and 1125(a))**

You must consider whether the defendants' use of the trademark is likely to cause confusion about the source of the plaintiffs' or the defendants' goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

1. Strength or Weakness of the Plaintiffs' Mark. The more the consuming public recognizes the plaintiffs' trademark as an indication of origin of the plaintiffs' goods, the more likely it is that consumers would be confused about the source of the defendants' goods if the defendant uses a similar mark.

2. Defendants' Use of the Mark. If the defendants and plaintiffs use their trademarks on the same, related, or complementary kinds of goods there may be a great likelihood of confusion about the source of the goods than otherwise.

3. Similarity of Plaintiffs' and Defendants' Marks. If the overall impression created by the plaintiffs trademark in the marketplace is similar to that created by the defendants' trademark in appearance, there is a greater chance of likelihood of confusion.

4. Actual Confusion. If use by the defendants of the plaintiffs' trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However actual confusion is not required for a finding of likelihood of confusion. Even if actual confusion did not occur, the defendants' use of the trademark may still be likely to cause confusion. As you consider whether the trademark used by the defendant creates for consumers a likelihood of confusion with the plaintiff's trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

5. Defendants' Intent. Knowing use by defendants of the plaintiffs' trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the plaintiffs' mark, suggesting an intent to cause a likelihood of confusion. On the other hand, even if the absence of proof that the defendants acted

knowingly, the use of the plaintiffs' trademark to identify similar goods may indicate a likelihood of confusion.

6. Marketing/Advertising Channels. If the plaintiffs' and defendants' goods are likely to be sold in the same or similar stores or outlets, or advertising in similar media, this may increase the likelihood of confusion.

7. Consumer's Degree of Care. The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be. They may be less likely to be confused by similarities in the plaintiffs' and defendants' trademarks.

8. Product Line Expansion. When the parties' products differ, you may consider how likely the plaintiffs are to begin selling the products for which the defendants are using the plaintiffs' trademark. If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.16 (2007).

* Plaintiffs' object to Defendants' proposed instruction on the grounds that the 11th Circuit has not adopted all 9 factors of the Sleekcraft Test. *See Frehling Enterprises, Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335-36 (11th Cir. 1999).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17***

**Contributory Trademark Infringement –Control Factor**

The second factor that Coach must prove to hold Defendant Visitors Flea Market liable for contributory trademark infringement is the Control Factor. If Visitors Flea Market had the ability, power or right to control either the use of the physical space or booth that it leased to the vendors, or (ii) the activities that any of the vendors could engage in while occupying the space or booth at the Flea Market, then Coach has proven the Control Factor. It is not necessary for Coach to prove that Visitors Flea Market have actually exercised control over the physical space or booth or the activities of its vendors while occupying the space or booth, but rather only that Visitors Flea Market had the ability, power or right to do so.

If you find that Coach has proven both the Knowledge and Control Factors, then you must find that Visitors Flea Market is liable to Coach for contributory trademark infringement.

**Authorities**: *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980 (9th Cir. 1999); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 658 F.3d 936 (9th Cir. 2011); *Gucci Arnerica, Inc. v. Frontline Processing Corp.,* 721 F. Supp. 2d 228 (S.D. N.Y. 2010); *Louis Vuitton Malletier v. Texas International Partnership,* et al., No. 4:10-cv-02821-GHM, Order (S.D. Tex. November 18, 2011).

*Defendants specifically object to Plaintiffs' Proposed Jury Instruction No. 17 as it misstates the law for contributory infringement.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17***

**DERIVATIVE LIABILITY – INDUCING INFRINGEMENT**

A person is liable for trademark infringement by another if the person intentionally induced another to infringe the trademark.

The plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

1. [Name of direct infringer] infringed the plaintiffs' trademark;

2. the defendants intentionally induced [name of the direct infringer] to infringe plaintiffs' trademark; and

3. the plaintiffs were damaged by the infringement.

If you find that each of the elements on which the plaintiffs have the burden of proof has been proved, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendants.

**Authority**: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.18 (2007).

*Plaintiffs' object to Defendants' Proposed Instruction the grounds that it is not applicable to any of the claims in the instant action. Claims for "inducing infringement" relate more to patent cases brought pursuant to 35 U.S.C. § 271. There are no patent claims in the instant case.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18***

**<u>Individual Liability of Corporate Agents</u>**

If you find Defendant Visitors Flea Market liable to Coach for contributory trademark infringement, then you should also consider whether or not Defendant Delroy Josephs is also liable to Coach.

An individual may be liable for the contributory trademark infringement of a corporation if the individual caused the entity to engage in contributory trademark infringement. Hence, if you find Defendant Visitors Flea Market liable to Plaintiff Coach for contributory trademark infringement, then you must consider whether Defendants Josephs caused Defendant Visitors Flea Market to continue leasing space to any of its Counterfeiting Tenants. If you find that Defendant Josephs caused Visitors Flea Market to continue leasing space to any of its Counterfeiting Tenants, then you must find Defendant Josephs individually liable to Coach for contributory trademark infringement.

**<u>Authorities</u>:** *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472 (11th Cir. 1991); *Levi Strauss & Co. v. Diaz*, 778 F. Supp. 1206 (S.D. Fla. 1991); *Playboy Enters., Inc. v. Chen*, 45 U.S.P.Q. 2d 1400 (C.D. Cal. 1997); *Turner Greenberg Associates, Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317 (S.D. Fla. 2004); *Microsoft Corp. v. Computer Service & Repair, Inc.,* 312 F. Supp. 2d 779 (E.D. N.C. 2004); *Louis Vuitton Malletier v. Texas International Partnership,* et al., No. 4:10-cv-02821-GHM, Order (S.D. Tex. November 18, 2011); *Louis Vuitton Malletier v. Eisenhauer Road Flea Market, Inc.*, et al., No. 5:11-cv-00124-HLH, Order Regarding Defendants' Motion for Summary Judgment (W.D. Tex. December 19, 2011).

*Defendants specifically object to Plaintiffs' Proposed Jury Instruction No. 18 as it misstates the law as to individual liability of corporate agents for contributory trademark infringement.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18***

**CONTRIBUTORY TRADEMARK INFRINGEMENT**
**WILLFUL BLINDNESS**

You may infer that a defendant had actual knowledge that a product was being used to infringe the plaintiffs' trademark if you find that the defendant was willfully blind to counterfeit goods bearing plaintiffs' trademark being sold on the defendants' premises. To be willfully blind, each defendant must suspect wrongdoing and deliberately fail to investigate. It requires more than mere negligence or mistake and does not exist unless the defendants knew of a high probability of illegal conduct and purposely contrived to avoid learning of it. Willful blindness cannot be inferred by a defendant's failure to take reasonable precautions against counterfeiting, or failure to monitor vendors located at the Visitors Flea Market for tortuous content.

Authorities: *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 855 (1982)
*Hard Rock Café Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1149 (7th Cir. 1992)
*Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 962, n. 7 (C.D. Cal. 1997) *affd Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 9th Cir. 1999)
*Hard Rock Café Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1148 (7th Cir. 1992)
*Tiffany, Inc. v. Ebay, Inc.*, 576 F.supp.2d 463, 515 (S.D.N.Y. 2008)
*Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 715, fn. 4 (9th Cir. 2007)

* Plaintiffs' object to Defendants' Proposed Instruction on the grounds that it mischaracterizes the applicable legal standard for willful blindness. *Coach, Inc. v. Gata Corp.*, No. 10-cv-141-LM, 2011 WL 2358671 (D. N.H. June 9, 2011); *Louis Vuitton Malletier v. Texas International Partnership, et al.*, No. 4:10-cv-02821-GHM, Order (S.D. Tex. November 18, 2011); *Louis Vuitton Malletier v. Eisenhauer Road Flea Market, Inc.*, et al., No. 5:11-cv¬00124-HLH, Order Regarding Defendants' Motion for Summary Judgment (W.D. Tex. December 19, 2011).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19**

**Statutory Damages**

If you find from a preponderance of the evidence that Visitors Flea Market is liable to Coach for contributory trademark infringement, then you should consider the issue of statutory damages. Statutory damages are damages that are awarded to a trademark owner who proves that his trademark was infringed under the trademark law. In order to recover statutory damages, Coach need not prove any actual damages or the profits that Defendants earned from the sale of counterfeit products. Rather, the purpose of awarding statutory damages for trademark infringement is to deter Defendants and other potential infringers from engaging in similar conduct in the future, regardless of the quantity of their infringing sales.

A separate award of statutory damages should be determined for each Coach trademark you find Defendants to have infringed. Thus, in arriving at an amount of statutory damages, you should first consider how many counterfeits of Coach's trademarks appeared on merchandise sold or offered for sale at the Visitors Flea Market.

For each counterfeit mark you find, you should award statutory damages of not less than $1,000 nor more than $200,000 per counterfeit mark per type of goods sold or offered for sale, as you consider just. However, if you find that, by their conduct, any of the defendants willfully infringed Coach's trademarks, then you may award statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold or offered for sale, as you consider just. "Willful" infringement means that defendant acted with actual knowledge or with reckless disregard that his or her conduct was infringing or causing infringement of a trademark.

In arriving at the amount of statutory damages that you should award to Coach, you should consider a number of factors, including, but not limited to the following:

1. the degree of willfulness or the culpability of the defendants;

2. the Defendants' cooperation or lack of cooperation in providing information about infringing activity;

3. the profits realized by the defendants as a result of the infringing activity;

4. the value of the trademarks that were infringed;

5. the revenues, if any, lost by Coach as a proximate result of the Defendants' conduct; and

6. the need to deter the defendants and other landlord similarly situated from engaging in contributory trademark infringement.

**<u>Authorities</u>:** 15 U.S.C. §§ 1117(c); *Louis Vuitton Malletier v. Eisenhauer Road Flea Market, Inc.,* et al., No. 5:11-cv-00124-HLH, Court's Charge/Instructions to the Jury (W.D. Texas, January 12, 2012); Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d2d 1197 (E.D. Mo. 2002); *Cartier Int'l B.V. v. Ben-Menachem,* No. 06 Civ. 3917, 2008 WL 64005 (S.D.N.Y. Jan. 3, 2008).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19*

## TRADEMARK DAMAGES – ACTUAL OR STATUTORY NOTICE (15 U.S.C. § 1111)

In order for plaintiffs to recover damages, the plaintiffs have the burden of proving by a preponderance of the evidence that defendants had either statutory or actual notice the plaintiffs' trademark was registered.

Defendants had statutory notice if:

1. plaintiffs displayed with the trademark the words "Registered in U.S. Patent and Trademark Office" or

2. plaintiffs displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off." or

3. plaintiffs displayed the trademark with the letter R enclosed within a circle, thus ®.

Authority: Pattern Federal Civil Jury Instructions, Ninth Circuit, 15.24 (2007).

* Plaintiffs' object to Defendant's Proposed Instruction because it mischaracterizes Plaintiffs' claims as well as the law regarding statutory notice. Plaintiffs' claim that thte trademarks at issue in this action are counterfeit marks. Pursuant to the Lanham Act § 34(d)(1)(B), if the accused mark otherwise meets the definition [of a counterfeit mark], it is a counterfeit mark "whether or not the person against whom relief if sought knew such mark was so registered." It has been held that this phrase controls over the § 29 requirement of statutory notice for the recovery of "damages." Thus, damages, including statutory damages can be recovered for counterfeiting even if the registered trademark's owner did not comply with the notice requirement of Lanham Act § 29. McCarthy on Trademarks, § 19:144; *See Playboy Enterprises, Inc. v. Universal Tel-A-Talk, Inc.*, 1999 WL 285883 (E.D. Pa. 1999) ("[C]ongress intended to recognize that counterfeiting, while a subsection of infringement, represents a greater evil than ordinary infringement, and thus allowed an alternative route to damages and a less degree of required notice.").

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20***

**<u>Unfair Competition: False Designation of Origin</u>**

Plaintiff Coach has asserted a claim that falls under the category of claims known as "unfair competition." As you will see, this claim in very similar to a claim for trademark infringement.

Whether the violation is called infringement, unfair competition, or false designation of origin, the test is identical: "is there a likelihood of confusion?" Accordingly, in consideration Plaintiffs Coach's false designation of origin claims, you are to apply the same multi-factor test for likelihood of confusion described earlier for trademark infringement.

Defendants Visitors Flea Market and Delroy Josephs are contributorily liable for false designation of origin if (1) the Counterfeiting Tenants' products are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' with Coach, or (2) the counterfeit products are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods by Coach.

**Authorities:** 15 U.S.C. §1125(a)(1); *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1997).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 20 as it is slanted.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20***

**DAMAGES – CONTRIBUTORY TRADEMARK INFRINGEMENT – AWARD OF STATUTORY DAMAGES**

If you find that a defendant contributorily infringed a trademark, you must determine if the plaintiff can recover statutory damages against that defendant and, if so, the amount of statutory damages recoverable.

To recover statutory damages, the plaintiffs must prove that the buying public was either actually deceived or actually confused as to the source of the goods bearing each counterfeit trademark.

The law permits recovery of only one award of statutory damages for each trademark infringed for each type of goods or services sold. This means that the statutory award cannot be multiplied by the number of counterfeit items that were sold or offered for sale.

If you find that a defendant's infringement of a particular trademark was not willful, you must award damages between $1,000 and $200,000 per trademark. If you find the infringement of that mark was willful, you can award up to $2,000,000 per trademark infringed. "Willfulness" under the law requires proof that a defendant acted voluntarily and intentionally and with the specific intent to commit such an act.

Authority: McCarthy on Trademarks and Unfair Competition, Fourth Edition, C. 30:95 Remedies for Infringement and Unfair Competition (March 2009)

*Plaintiffs' object to Defendants' Proposed Instruction on the grounds that it mischaracterizes the application standard for statutory damages. Contrary to Defendants' assertions, McCarthy on Trademarks, 30:95 does not provide that a plaintiff must prove actual deception or actual confusion. Plaintiffs' further believe that Plaintiffs' Proposed Instruction is a more complete instruction that is applicable to the specific facts of the instant action.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21***

**Trademark Dilution**

Under Federal law, trademark dilution is the lessening of the capacity of a famous or well-known or distinctive mark or trade dress to identify and distinguish goods or services. The purpose of the anti-dilution laws is to protect against the erosion of the trademark's value, or the tarnishment of the trademark's image.

In order to prove a violation of contributory trademark dilution by Defendants Visitors Flea Market and Josephs, Plaintiff Coach must first show that actual trademark dilution occurred by the Flea Market vendors.

In order to prove a violation of trademark dilution, a plaintiff must show that (1) the marks are famous and distinctive; (2) Counterfeiting Tenants are making use of the marks in commerce; (3) the Counterfeiting Tenants' use began after the mark became famous; and (4) the Counterfeiting Tenants' use of the marks is likely to cause dilution by blurring or dilution by tarnishment.

Federal law does not require a showing of competition or likelihood of confusion to succeed on a dilution claim.

**Authorities:** 15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14330; *Panavision Intl, L.P. v. Toeppen,* 141 F.3d 1316, 1324 (9th Cir., 1998); *Nissan Motor Co. v. Nissan Computer Corp.,* 378 F.3d 1002, 1011 (9th Cir, 2004).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 21 because it misstates the law with regard to the requirement for demonstrating likelihood of confusion to prevail on the claim for trademark dilution.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21***

**DAMAGES – WILLFUL TRADEMARK INFRINGEMENT**

If you find that a defendant contributorily infringed any of Coach's trademarks, you must also determine whether that defendant's conduct was intentional or willful. Willfulness carries a connotation of a deliberate intent to deceive. In order to find that a defendant's contributory infringement was intentional or willful, you must find by clear and convincing evidence that the defendant(s) deliberately intended to deceive the plaintiffs.

Authorities: Ninth Circuit Model Civil Jury Instruction 15.27 Trademark Damages – Intentional Infringement
*Collegenet, Inc. v. XAP Corp.*, 483 F.Supp. 2d 1058, 1065 (D.Or.2007)
*Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993)

*Plaintiffs' object to Defendants' Proposed Instruction on the grounds that is not applicable. Model Civil Jury Instruction 15.27 (9th Cir. ) applies to claims for damages under 15 U.S.C. § 1117(b), which are not at issue in this case. Plaintiffs' seek damages pursuant to section 1117(c).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**

**<u>Trademark Dilution – What is a "Famous Mark?"</u>**

A mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner. In determining whether a mark possesses the requisite degree of recognition, the court may consider all relevant factors, including the following:

1. The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.

2. The amount, volume, and geographic extent of sales of goods or services offered under the mark.

3. The extent of actual recognition of the mark.

4. Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

**Authority:** 15 U.S.C. § 1125(c)(2)(A).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22***

**CLEAR AND CONVINCING EVIDENCE STANDARD – WILLFUL INFRINGEMENT**

If clear and convincing evidence does not support the willful infringement claim of Coach, your verdict should be for the defendants. However, if clear and convincing evidence does not support the claim of Coach, then your verdict should be for Coach and against the defendants. "Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

Authorities: Florida Standard Jury Instruction MI 11(d), modified for the facts of this case.

* Plaintiffs' object to Defendants' Proposed Instruction on the grounds that it misstates the law regarding burden of proof, and that the Proposed Instruction is not applicable to this case. Florida Standard Jury Instruction MI 11(d) pertains to claims under Florida's Civil Theft Statute (Fla. Stat. § 772.11), not at issue in the instant action.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23***

**<u>Trademark Dilution – Blurring & Tarnishment</u>**

Trademark Dilution can occur in one of two ways: dilution by Blurring and dilution by Tarnishment.

Dilution by blurring is association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark. In determining whether a mark or trade name is likely to cause dilution by blurring, the court may consider all relevant factors, including the following:

1. The degree of similarity between the accused mark and the famous mark.
2. The degree of inherent or acquired distinctiveness of the famous mark.
3. The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark.
4. The degree of recognition of the famous mark.
5. Whether the user of the accused mark intended to create an association with the famous mark.
6. Any actual association between the accused mark and the famous mark.

Dilution by tarnishment is association arising from the similarity between an accused mark and a famous mark that harms the reputation of the famous mark.

If you find that Defendants use of a counterfeit mark has diluted Coach's mark either through blurring or tarnishment, then you should find for Coach on its claim of trademark

dilution.

If Plaintiff Coach proves the Counterfeiting Tenants diluted the Coach Trademarks either by blurring or by tarnishment, then you should next decide if Defendants Visitors Flea Market and Josephs are liable for contributing to such dilution, as defined by these instructions.

<sp>**Authority:** 15 U.S.C. § 1125(c)(2).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 23 as it is slanted.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23***

**FALSE DESIGNATION - ADVERTISING UNDER LANHAM ACT**

Plaintiffs claim that Defendants engaged in false designation of origin/advertising. To succeed on this claim, Plaintiffs must prove three things by a preponderance of the evidence:

(1) That the Defendants, on or in connection with any goods or services, or any container for goods, used in commerce any registered Coach word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which;

(2) likely caused confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(3) in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities,

If you find that Plaintiffs have proved each of these things, then you must find for Plaintiffs. If, on the other hand, you find that Plaintiffs have failed to prove any one of these things, then you must find for Defendants.

**Authority**: Pattern Civil Jury Instructions, Seventh Circuit (2009), U.S.C. 1125(a).

* Plaintiffs' object to Defendants Proposed Instruction on the basis that Plaintiffs Proposed Instruction is a more complete instruction and tailored to the facts of the instant case.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24**

**<u>Preliminary Instruction - Copyright Infringement</u>**

This case also involves copyrights. Copyright is the exclusive right to copy. This right includes the exclusive rights to: (1) authorize, or make additional copies, or otherwise reproduce the copyrighted work; (2) distribute copies of the copyrighted work to the public by sale of other transfer of ownership; (3) display publicly a copyrighted graphic work. It is the owner of a copyright who may exercise these exclusive rights to copy. In general, copyright law protects against production, distribution and display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**<u>Authority</u>:** 9th Cir. Model Jury Instruction, No. 17.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24***

**<u>CLAIMS FOR TRADEMARK DILUTION</u>**
**(Both Federal and State)**

To prevail on a federal dilution claim or a dilution claim pursuant to Florida Statute 495.151, the plaintiffs must demonstrate by a preponderance of the evidence that: (1) the plaintiffs' mark is famous; (2) the defendants used the plaintiffs' mark after the plaintiffs' mark became famous; (3) the defendants' use was commercial and in commerce; and (4) the defendants' use of the plaintiffs' mark has likely caused dilution.

Authorities: 15 U.S.C. § 1125(c)(1); *Jada Toys, Inc. v. Mattel, Inc.*, 518 Fed. 3d 628, 633 (9th Cir. 2008); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185 CIV, 2008 WL 926777, at *4 (S.D. Fla. Apr. 4, 2008); Fla. Stat. § 495.151.

*Plaintiffs' object to Defendants Proposed Instruction on the basis that it seeks to consolidate Plaintiffs federal and state law claims, which is improper. In addition, Plaintiffs Proposed Instructions relating to these claims is more complete.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**

**Copyright Infringement – Elements and Burden of Proof**

Coach is also suing Defendants Visitors Flea Market and Delroy Josephs for contributory and vicarious copyright infringement. In order to find Defendants liable for contributory copyright infringement, you must first determine whether or not any of the designs appearing on any merchandise sold by vendors at the Visitors Flea Market infringed any of Coach's copyrights. To prove copyright infringement, Coach must prove that it owns a valid copyright in its designs and that one or more of the designs appearing on the vendors' merchandise are substantially similar to Coach's copyrighted designs.

**Authority:** 17 U.S.C. § 101, *et seq.*; 9th Cir. Model Civil Jury Instructions, Instruction No. 17.00 (2006) (modified).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25*

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

You have now heard all of the evidence with respect to plaintiffs' claim that each of the defendants contributorily infringed the following copyrighted works:

You must first decide if any individual directly infringed any of the copyrighted works listed above.

For each individual that you find directly infringed one or both copyrighted works, you must then decide as to each defendant whether each defendant is liable for contributing to the direct infringement by each particular individual you found to be directly infringing. You must separately consider each defendant's contributory liability as to each copyrighted work by each individual.

Plaintiffs must prove the following elements by a preponderance of the evidence.

ELEMENT ONE – DIRECT INFRINGEMENT

To prove that its copyrighted works were directly infringed by specific individuals you must be persuaded by a preponderance of the evidence that (1) Plaintiffs are the owners of the copyrighted works, and (2) a specific accused individual violated one or more of Coach's exclusive rights as the owner of copyrighted works to:

1. Reproduce the copyrighted work(s); or

2. Prepare derivative works based upon the copyrighted works; or

3. Distribute copies of the copyrighted works to the public by sale; or

4. Display the copyrighted works publicly.

You separately must make this determination as to each accused individual as to each copyrighted work.

ELEMENT TWO – KNOWLEDGE OF DIRECT INFRINGEMENT

For each individual, if any, that directly infringed (one or both copyrighted work), you must next separately determine whether each defendant is individually liable for contributing to that direct infringement. First, that defendant must have had actual knowledge of *infringing conduct* by each individual at the time of the infringement. Generalized knowledge is not sufficient. You may not infer that any defendant had such knowledge simply because the infringing materials were stored at the individuals' vendor booth.

ELEMENT THREE – INDUCE, CAUSE OR MATERIALLY CONTRIBUTE TO DIRECT INFRINGEMENT

Third, the plaintiffs must prove by a preponderance of the evidence that each defendant induced, caused, or materially contributed to the direct infringement of the copyrighted work(s) by each specific directly infringing individual, if any.

You must consider the liability of each defendant separately as to each of the above elements. If you find that plaintiffs have failed to prove any element by a preponderance of the evidence, your verdict should be for that particular defendant.

Authorities: 17 U.S.C. § 106
*Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)
*Perfect 10, Inc. v. Visa Intern, Service Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007)
*A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001)
*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-937 (2005)
*Perfect 10, Inc.* v. Amazon.com, Inc., 508 F.3d 1146, 1170 (9th Cir. 2007)
*E-Pass Technologies, Inc. v. 3Com Corp.,* 473 F.3d 1213, 1222-23 (Fed.Cir. 2007)
*Tiffany, Inc. v. Ebay, Inc.*, 576 F.supp2d 463, 508, 510, fn. 37 (S.D.N.Y. 2008)
*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996)
3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.04[A][3][a] (2008)
*Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 962 (C.D. Cal. 1997)

*Plaintiffs' object to Defendant's Proposed Instruction on the grounds that it mischaracterizes the standard for contributory copyright infringement and ignores Plaintiffs' claim for vicarious copyright infringement. Plaintiffs' proposed instruction is more applicable and tailored to the specific facts of this case.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26*

**Contributory Copyright Infringement**

Coach has sued Visitors Flea Market and its owner, Delroy Josephs, for contributory copyright infringement. In other words, Coach claims that, either through their actions or their inactions, Visitors Flea Market and Mr. Josephs contributed to their vendors' sales of merchandise bearing designs that infringe Coach's copyrights. I will instruct you first as to Coach's claim for contributory copyright infringement against Visitors Flea Market.

Defendant Visitors Flea Market is liable for contributory copyright infringement if: (1) it continued to lease space to any vendor whom it knew or had reason to know was selling or offering for sale merchandise bearing designs that are substantially similar to Coach's copyrights; and (2) it materially contributed to that infringing activity. I will refer to the first factor as the "knowledge" factor and the second as the "contribution" factor, and will now explain both of those factors in more detail.

**Authority:** *Cable/Home Commc'n Corp. v. Network Prods., Inc.,* 902 F.2d 829, 845 (11th Cir. 1990); *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143 (7th Cir. 1992); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996); *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980 (9th Cir. 1999); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 658 F.3d 936 (9th Cir. 2011); *Gucci America, Inc. v. Frontline Processing Corp.,* 721 F. Supp. 2d 228 (S.D. N.Y. 2010).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 26 as it misstates the law with respect to the element of proof for contributory copyright infringement, specifically refers to "actions or inactions."

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26**

**DAMAGES – CONTRIBUTORY COPYRIGHT INFRINGEMENT***
**AWARD OF STATUTORY DAMAGES**

If you find that a defendant contributorily infringed the plaintiffs' copyrighted work, you must determine the amount of statutory damages the plaintiffs can recover against that defendant. The Copyright Act permits recovery of one award of statutory damages for each copyrighted work contributorily infringed by defendants, regardless of how many times that copyrighted work was infringed.

If you find the infringement was not willful, you must award damages between $750.00 and $30,000 per copyrighted work. If the infringement is willful the award can be increased up to $150,000 per copyrighted work. But if the defendant did contributorily infringe a copyright but was unaware and had no reason to believe that its acts constituted copyright infringement, the award of statutory damages can be reduced to a sum of not less than $200 per copyrighted work.

"Willfulness" under the Copyright Act requires proof that (1) the defendant was actually aware of the infringing activity, or (2) the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.

The amount of statutory damages awarded should not be disproportionate to the actual damages Coach suffered, if any, as a result of the infringement.

Authorities: 17 U.S.C. 504(c)(1) and (2)
*Island Software and Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257, 262-263 (2d Cir. 2005)
*Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-144 (5th Cir. 1992)
McCarthy on Trademarks and Unfair Competition, Fourth Edition, Ch. 30 Remedies for Infringement and Unfair Competition (March 2009)
*Yurman Studio, Inc. v. Castaneda*, Slip Copy, 2008 WL 4949775, *2 (S.D.N.Y. 2008)
*New Line Cinema Corp. v. Russ Berrie & Co.*, 161 F.Supp. 2d 293, 303 (S.D.N.Y. 2001)
*Gucci Am.,Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp. 2d 511, 520 (S.D.N.Y. 2004)
*Island Software and Computer Services, Inc. v. Microsoft Corp.*, 413 F.3d 257, 262-263 (2d 2005)

* Plaintiffs' object to Defendants Proposed Instruction on the basis that Plaintiffs Proposed Instruction is a more complete instruction and tailored to the facts of the instant case.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27***

**<u>Contributory Copyright Infringement—Knowledge Factor</u>**

The Knowledge Factor for contributory copyright infringement involves the same analysis as for contributory trademark infringement. That is, there are three ways in which you may find that Visitors Flea Market knew or had reason to know that its vendors were selling or offering for sale merchandise bearing designs that infringed Coach's copyrights: 1) actual knowledge; 2) constructive knowledge; or 3) willful blindness.

Defendant Visitors Flea Market had actual knowledge of its vendors' sales of merchandise bearing designs that infringed Coach's copyrights if, through their conduct, statements or observations, you find that any of the Visitors Flea Market's agents or employees had specific knowledge of any infringing sales taking place at the flea market. If you find that Visitors Flea Market had actual knowledge of its vendors' sales of merchandise bearing designs that infringed Coach's copyrights, then Coach has satisfied the Knowledge Factor and you need not consider constructive knowledge or willful blindness.

Defendant Visitors Flea Market had constructive knowledge of its vendors' sales of merchandise bearing designs that infringed Coach's copyrights if a reasonably prudent flea market operator, through its agents or employees, would have or should have known that vendors were selling infringing products. Therefore, in considering whether Visitors Flea Market had constructive knowledge, you must determine what a reasonably prudent flea market operator would have known or understood in light of all the facts and circumstances. If you find that Visitors Flea Market had constructive knowledge of its vendors' sales of infringing products, then Coach has satisfied the Knowledge Factor and you need not consider willful blindness.

The third manner in which Coach can prove that Defendant Visitors Flea Market had knowledge is by proving that Visitors was willfully blind to its vendors' sales of merchandise bearing designs that infringed Coach's copyrights. Defendant Visitors Flea Market was willfully blind if its agents or employees had reason to suspect that vendors were selling infringing merchandise, but deliberately failed to investigate. If you find that Visitors Flea Market was willfully blind to its vendors' sales of infringing products, then Coach has satisfied the Knowledge Factor, regardless of whether you find that Visitors Flea Market had actual or constructive knowledge.

.

**Authorities:** *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990); *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143 (7th Cir. 1992); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 27 because it is slanted.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27***

**<u>FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT</u>**

The next issue for your determination is whether the defendants engaged in a deceptive and unfair trade practice.

A violation of Florida's Deceptive Unfair Trade Practices Act where one willfully uses an unfair or deceptive act or practice in the conduct of any trade or commerce that causes actual damages to a consumer.

Authorities: Florida Statute 501.204; Florida Statutes § 501.2075; *Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. 2nd DCA 2006).

* Plaintiffs' objection to Defendants' Proposed Instruction on the grounds that it is duplicative and unnecessary. A violation of the federal trademark statutes constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act. *Third Party Verification v. Signaturelink*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007); *Airflo A/C and Heating v. Pagan*¸ 929 So. 2d 739 (2006).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28***

**<u>Contributory Copyright Infringement—Contribution Factor</u>**

The second factor that Coach must prove to hold Defendant Visitors Flea Market liable for contributory copyright infringement is the Contribution Factor. If Visitors Flea Market knowingly provided the site and facilities for infringing activity, then Visitors Flea Market has materially contributed to the vendors' infringement of Coach's copyrights.

If you find that Coach has proven that Defendant Visitors Flea Market had both the knowledge and materially contributed to the infringing activities, then you must find that Visitors Flea Market is liable to Coach for contributory copyright infringement

**<u>Authority</u>:** *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990); *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143 (7th Cir. 1992); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 28 because it is slanted.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28***

**<u>FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT</u>**

A willful violation occurs when the person knew or should have known that his or her conduct was unfair or deceptive.

Authority: Florida Statute 501.2075

* Plaintiffs' objection to Defendants' Proposed Instruction on the grounds that it is duplicative and unnecessary. A violation of the federal trademark statutes constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act. *Third Party Verification v. Signaturelink*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007); *Airflo A/C and Heating v. Pagan*¸ 929 So. 2d 739 (2006).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29*

**Individual Liability of Corporate Agents**

If you find Defendant Visitors Flea Market liable to Plaintiff Coach for contributory copyright infringement, then should consider whether or not Defendant Josephs should also be found liable to Coach.

An individual may be liable for the contributory copyright infringement of a corporation if the individual caused the entity to engage in contributory copyright infringement. Hence, if you find Defendant Visitors Flea Market liable to Plaintiff Coach for contributory trademark infringement, then you must consider whether Defendant Josephs caused Defendant Visitors Flea Market to continue leasing space to any of its Counterfeiting Tenants. If you find that Defendant Josephs caused Visitors Flea Market to continue leasing space to any of its Counterfeiting Tenants, then you must find Defendant Josephs individually liable to Coach for contributory trademark infringement.

**Authorities:** *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472 (11th Cir. 1991); *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F. 2d 829, 845-46 (11th Cir. 1990). *Levi Strauss & Co. v. Diaz*, 778 F. Supp. 1206 (S.D. Fla. 1991); *Playboy Enters., Inc. v. Chen*, 45 U.S.P.Q. 2d 1400 (C.D. Cal. 1997); *Turner Greenberg Associates, Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317 (S.D. Fla. 2004); *Microsoft Corp. v. Computer Service & Repair, Inc.,* 312 F. Supp. 2d 779 (E.D. N.C. 2004).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 29 because it is slanted and misstates the law.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29***

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

A "deception" occurs within the meaning of a Florida Deceptive Unfair Trade Practices Act if there is a representation, omission or practice which is likely to mislead a consumer acting reasonably in the circumstances, to the consumer's detriment. The standard requires a showing of probable not possible deception that is like to cause injury to a reasonable relying consumer.

Authorities: *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So.2d 773 (Fla. 2003); *Zlotnick v. Premiere Sales Group, Inc.*, 480 F.3d 1281 (C.A. 11 2007)

* Plaintiffs' objection to Defendants' Proposed Instruction on the grounds that it is duplicative and unnecessary. A violation of the federal trademark statutes constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act. *Third Party Verification v. Signaturelink*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007); *Laboratorios Roldan, C. Por A. v. Tex. Int'l, Inc.*, 902 F. Supp. 1555, 1569-71 (S.D. Fla. 1995); *Airflo A/C and Heating v. Pagan*¸929 So. 2d 739 (2006).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30**

**Vicarious Copyright Infringement**

Coach has asserted an alternative count for vicarious copyright infringement. Defendant Visitors Flea Market is vicariously liable for the copyright infringement of its vendors if: (1) Defendant Visitors Flea Market had the right and ability to supervise the infringing activity; and (2) Defendant Visitors Flea Market derived a direct financial benefit from the infringing activity. I will refer to the first factor as the "Control" Factor and the second as the "Benefit" Factor, and will now describe each of those factors in more detail.

**Authorities:** 17 U.S.C. § 101, *et seq.*; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005); 9th Cir. Model Civil Jury Instructions, Instruction No. 17.21 (2006); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996).

**JOINT PROPOSED JURY INSTRUCTION**

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Florida's Deceptive and Unfair Trade Practices Act does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment.

Authorities: Florida Statutes 501.211(2); *Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. 2nd DCA 2006)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31***

**Vicarious Copyright Infringement-Control Factor**

The first factor that Coach must prove to hold Defendant Visitors Flea Market liable for vicarious trademark infringement is the Control Factor. If Visitors Flea Market had the ability, power or right to control either the use of the physical space or booth that it leased to the vendors, or (ii) the activities that any of the vendors could engage in while occupying the space or booth at the Flea Market, then Coach has proven the Control Factor. It is not necessary for Coach to prove that Visitors Flea Market have actually exercised control over the physical space or booth or the activities of its vendors while occupying the space or booth, but rather only that Visitors Flea Market had the ability, power or right to do so.

**Authorities**: *Pegasus Imaging Corp. v. Northrop Grumman Corp.,* 2008 WL 5099691 (M.D. Fla. Nov. 25, 2008)*; Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 31 because it is slanted and misstates the law.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

If you find for the defendants, you will not consider the matter of damages. But if you find for Coach on this claim, then you should award Coach an amount of money that the preponderance of the evidence shows will fairly and adequately compensate it for its actual damages caused by the unfair and deceptive act or practice.

Authorities: *Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. 2nd DCA 2006); *Hardwick Properties, Inc. v. Newbern*, 711 So.2d 35 (Fla. 1st DCA 1998); *Halliburton Company v. Eastern Cement Corp.*, 672 So.2d 844 (Fla. 4th DCA 1996).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32*

**<u>Vicarious Copyright Infringement-Benefit Factor</u>**

The second factor that Coach must prove to hold Defendant Visitors Flea Market liable for vicarious copyright infringement is the Benefit Factor. If Visitors Flea Market received a direct financial benefit from the infringing activities of the vendors, then Coach has satisfied the Benefit Factor. Defendants receipt of rent from vendors who are selling infringing goods constitutes a direct financial benefit. If you find that Coach as satisfied both the Control and Benefit Factors, then Visitors Flea Market is liable for vicarious copyright infringement.

**Authorities:** *Pegasus Imaging Corp. v. Northrop Grumman Corp.,* 2008 WL 5099691 (M.D. Fla. Nov. 25, 2008)*; Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F.3d 259 (9th Cir. 1996).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 32 because it is slanted and misstates the law.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32***

**UNFAIR COMPETITION**

In order to prevail on the claim of unfair competition, plaintiffs must prove the following elements by a preponderance of the evidence: (1) plaintiffs first adopted and used the trademarks at issue in a certain market or trade area as a means of establishing good will and reputation, and to describe, identify, or denominate particular services rendered or offered or goods made or sold, and to distinguish them from similar services rendered or offered or marked by others; (2) through its association with such services or goods, the plaintiffs' trademark has acquired a specific significance because of the name or the mark is inherently distinctive or has acquired a secondary or special or trade meaning; (3) the defendants commended or intends to use the identical or confusingly similar name or mark to indicate or identify similar products in competition with the plaintiffs; and (4) consumer confusion was probable or inevitable.

Authority: *American Bank v. First American Bank and Trust*, 455 So. 2d 433, 445-446 (5th DCA 1984).

*Plaintiffs' objection to Defendants' Proposed Instruction on the grounds that it is duplicative and unnecessary. A violation of the federal trademark statutes constitutes an act of unfair competition. *Investacorp, Inc. v. Arabian Inv. Banking Corp.,* 931 F. 2d 1519, 1521 (11th Cir. 1991) (the analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim."). *See also Custom Manufacturing and Engineering, Inc v. Midway Services, Inc.,* 508 F.3d 641, 652 (11th Cir. 2007) (analysis of Florida statutory and common law claims of trademark infringement and unfair competition is the same as under Federal trademark infringement statute);

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 33***

**Individual Liability of Corporate Agents**

If you find Defendant Visitors Flea Market vicariously liable to Plaintiff Coach for copyright infringement, then should consider whether or not Defendant Josephs should also be found liable to Coach.

An individual may be vicariously liable for the copyright infringement of a corporation if the individual caused the entity to engage in contributory copyright infringement. Hence, if you find Defendant Visitors Flea Market vicariously liable to Plaintiff Coach for copyright infringement, then you must consider whether Defendant Josephs caused Defendant Visitors Flea Market to continue leasing space to any of its Counterfeiting Tenants. If you find that Defendant Josephs caused Visitors Flea Market to continue leasing space to any of its Counterfeiting Tenants, then you must find Defendant Josephs individually liable to Coach for contributory trademark infringement.

**Authorities:** *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472 (11th Cir. 1991); *Cable/Home Comm. Corp. v. Network Prods., Inc.,* 902 F. 2d 829, 845-46 (11th Cir. 1990). *Levi Strauss & Co. v. Diaz*, 778 F. Supp. 1206 (S.D. Fla. 1991); *Playboy Enters., Inc. v. Chen,* 45 U.S.P.Q. 2d 1400 (C.D. Cal. 1997); *Turner Greenberg Associates, Inc. v. C & C Imports*, Inc., 320 F. Supp. 2d 1317 (S.D. Fla. 2004); *Microsoft Corp. v. Computer Service & Repair*, Inc., 312 F. Supp. 2d 779 (E.D. N.C. 2004).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 33 because it is slanted and misstates the law.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34**

**Copyright Infringement – Statutory Damages**

If you find that Defendant Visitors Flea Market by itself, or Visitors Flea Market along with Defendant Josephs are vicariously liable to Plaintiff Coach for copyright infringement, you must consider the damage award which Plaintiff Coach is entitled to recover as a result. Under the federal copyright infringement laws, Coach is entitled to recover an award of statutory damages for each of its copyrights that were copied on any of the goods that were sold or offered for sale by the Counterfeiting Tenants at the Flea Market.

In determining the amount that Plaintiff Coach is to be awarded, you must first determine which copyrights, if any, appeared on the Counterfeit Goods that were sold or offered for sale by Defendant Visitors Flea Markets Counterfeiting Tenants. Secondly, for each of the copyrights, you must then determine the number of different types of goods upon which the copyrights appear.

Lastly, you should award no less than $750 or more than $30,000 per copyright per type of goods sold or offered for sale by the Counterfeiting Tenants at the Flea Market. However, if the copyright violations were willful, you may award statutory damages of up to $150,000 per copyright per type of goods sold or offered for sale by the Counterfeiting Tenants at the Flea Market. You may select the amount as you consider just based upon the facts and circumstances of this case, as well as some of the factors I will tell you about in the next instruction.

**Authorities:** 17 U.S.C. § 101, et seq.; 9th Cir. Model Civil Jury Instructions, Instruction No. 17.25; Instruction No. 17.27 (2006) (modified to reflect the facts of this case).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35***

**Trademark Dilution - §495.151, *Florida Statutes***

Plaintiff has claimed that Defendants have diluted its trademarks in violation of Florida law. Factors for you to determine whether or not trademark dilution has occurred under Florida law are:

1) a likelihood of injury to business reputation or

2) dilution of the distinctive quality of the trade name.

A defendant is subject to liability if, as a designation to identify its own goods, services, or business, the actor "uses a designation that resembles the highly distinctive mark of another in a manner likely to cause a reduction in the distinctiveness of the other's mark, or "tarnishes" the images associated with the other's mark.

A number of factors are relevant to whether a mark has acquired sufficient distinctiveness to be protected from dilution, including the inherent distinctiveness and uniqueness of the mark, the duration and extent of its use, the duration and extent of advertising that emphasizes the mark, and the degree of recognition by prospective purchasers.

**Authorities:** §495.151, *Florida Statutes; Great S. Bank v. First S. Bank*, 625 So. 2d 463, 470 (Fla. 1993).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 35 as it misstates the law as to Florida Statute 495.151.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36***

**<u>Florida Trademark Dilution – Damages – Actual Damages</u>**

If you find for Coach on its contributory trademark dilution claim under Federal law, and you find that Defendants acted willfully, then Coach may be entitled to damages.

Coach has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Coach for any injury you find was caused by Defendants' dilution of the Coach Marks.

In determining Coach's actual damages, you should consider the following:

1. The injury to Coach's reputation;
2. The injury to Coach's goodwill, including injury to Coach's general business reputation; and
3. Whether the evidence would support a reasonable royalty.

**<u>Authority:</u>** §495.151, *Florida Statutes.*

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 36 as it misstates the law as to Florida Statute 495.151.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37***

**<u>Florida Trademark Dilution – Damages – Defendants' Profits</u>**

If you find for Coach on its trademark dilution claim under Florida law, and you find that Defendants acted willfully, then Coach is entitled to any profits earned by Defendants that are attributable to Defendant's dilution. I have already instructed you on the proper calculation of Defendants' profits and the parties' respective burdens.

**<u>Authority:</u>** §495.151, *Florida Statutes.*

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 37 as it misstates the law as to Florida Statute 495.151.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 38*

**Florida Trademark Dilution – Treble Damages**

Coach may also be entitled to treble the amount of any profits earned by Defendants that are attributable to the dilution, which Coach proves by a preponderance of the evidence.

Treble damages are available when a defendant intentionally uses a mark or designation, knowing such mark or designation is a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.

The intentional requirement can be shown by the Defendants' willful blindness. Whether a defendant has been willfully blind will depend on the circumstances. To assess whether Visitors Flea Market and Josephs' have been willfully blind, you must determine what Visitors Flea Market and Josephs' knew. . Under the doctrine of willful blindness, knowledge can be imputed to a party who knows of a high probability of illegal conduct and purposefully contrives to avoid learning of it. To be willfully blind, Visitors Flea Market and Josephs must suspect wrongdoing and deliberately fail to investigate. Willful blindness also occurs when a defendant failed to inquire further out of fear of the result of his inquiry or willful blindness when person suspects unlawful activity and deliberately fails to act.

**Authority:** §495.151, *Florida Statutes.*

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 38 as it misstates the law as to Florida Statute 495.151.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39***

**Florida Deceptive and Unfair Trade Practices**

Coach claims that Defendants violated the Florida Deceptive and Unfair Trade Practices Act, or FDUTPA. It is the law of this state. The FDUTPA is designed to protect not only the rights of litigants, but also the rights of the consuming public at large. The Florida Deceptive and Unfair Trade Practices Law allows a plaintiff to recover actual damages for a loss of money, property or thing of value as a result of a defendant's use of an unfair or deceptive act or practice.

To recover damages from the Defendants for violation of this law, the plaintiff must prove a preponderance of the evidence that:

1. The defendant's act or practice is unfair or deceptive under this law; and
2. The plaintiff suffered a loss of money, property or thing of value as a result of the unfair or deceptive act or practice.

The plaintiff claims that Defendants used the following unfair or deceptive acts or practices that violate the FDUTPA:

1. Misrepresenting to the public through its advertising and sales tactics that the Defendants' goods were authentic Coach goods, or that Defendants' goods were affiliated, connected, or associated with Coach, when in fact they were not.

2. Misrepresenting to the public through its advertising and the continuing presence of the Flea Market vendors on its property, that Visitors Flea Market and/or Josephs are affiliated, connected, or associated with Coach by continuing to allow the Flea Market vendors to sell their infringing products at the Flea Market;

3. Misrepresenting to the public through its advertising and the continuing presence of the Flea Market vendors on its property, that the Flea Market vendors' goods are sponsored or approved by Coach by continuing to allow the Flea Market vendors to sell their infringing products at the Flea Market.

An unfair practice is one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

A "deceptive" act or practice is simply one that is material and would likely mislead a consumer acting reasonably under the circumstances. An act or practice is material if it would be important enough to affect a consumer's choice to purchase a good or service. It includes any communication made with the intent to deceive another person. However, intent to deceive is not necessary for an act or practice to be considered deceptive.

A negligent or careless misrepresentation of fact can also be a deceptive act or practice. Deceptive practices include, but are not limited to, forgery, fraud, deceit and misrepresentation. The Plaintiff need not prove reliance on the alleged misrepresentations. It is sufficient that a reasonable person would have relied on the representations.

When addressing a deceptive or unfair trade practice claim, the issue is not whether the plaintiff actually relied on the alleged practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances.

Even a single instance of an unfair or deceptive act or practice is sufficient to base a claim for damages under the Act.

A violation of the federal trademark statutes constitutes a violation of the Florida Deceptive and Unfair Trade Practices Act.

**Authority**: §501.201, *Florida Statutes. Third Party Verification v. Signaturelink*, 492 F. Supp. 2d 1314 (M.D. Fla. 2007); *Laboratorios Roldan, C. Por A. v. Tex. Int'l, Inc*., 902 F. Supp. 1555, 1569-71 (S.D. Fla. 1995); *Airflo A/C and Heating v. Pagan*¸ 929 So. 2d 739 (2006).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 39 as it is slanted and misstates the law as to Florida Statute 501.201.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 40*

**Unjust Enrichment**

Coach claims that Defendants have been unjustly enriched by their infringing actions. The doctrine of unjust enrichment is a recognition that a person is accountable to another on the ground that if the former were not required to do so, he would unjustly benefit, or the other would unjustly suffer loss.

Coach must show the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

Coach has also claimed that Defendants Visitors Flea Market and Josephs are contributorily and vicariously liable for the unjust enrichment of Defendants based on their infringing activities. You have already been instructed on the elements needed to find vicarious and contributory liability on behalf of Visitors Flea Market and Josephs.

If you find that Defendants have been unjustly enriched, you should find for Plaintiffs. If Plaintiffs have shown by a preponderance of the evidence the amount of the benefit unjustly conferred upon the Defendants, Plaintiffs are entitled to that amount as damages.

**Authority:** *Golden v. Woodward*, 15 So. 3d 664, 670 (Fla. 1st DCA 2009).

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 40 because the claim for unjust enrichment has been dismissed.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41*

**Legal Entity Acts Through its Agents**

A legal entity, such as Plaintiffs Coach or Defendant Visitors Flea Market, can only act or not act through its agents. A simple and common example of this concept is that an employee is an agent for his employer when he acts within the scope of his authority. Hence, a store cashier is an agent for his principal, the store owner who employs him, for the purposes of his cashier duties. Furthermore, the store owner is responsible for the acts of its agents/cashier acting within the scope of this authority.

So, a legal entity can only act, fail to act, exercise control, fail to exercise control, acquire knowledge, be willfully blind, communicate, fail to communicate or otherwise conduct itself because of what its agents do or fail to do. Like in the example, an agent is an individual who performs services for another under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The individual whom controls or has the right to control the agent's manner and means of performing the services is called a "principal."

Any act or omission of an agent within the scope of authority is also considered to be the act or omission of the principal. Principals and agents may be legal entities or human persons. Hence, as in the example, if you find that an agent, within the scope of this authority, acted or failed to act, then you must consider the act or omission of the agent to be also the act or omission of the principal. Therefore, a principal, whether it be a legal entity principal or a human principal, is responsible for the acts of its agents acting within the scope of their authority, whether they be legal entity agents or human agents.

For example, Plaintiff Coach is the principal of its employees and the investigators it hires. Those individuals are considered to be the agents of Coach (collectively, "Coach's Agents"). Similarly, Defendant Visitors Flea Market is the principal of Defendant Delroy Josephs, John Waryas, and Vindrawatie Daharry.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

**Authority**: *Restatement of the Law—Agency, Restatement* (Third) of Agency (2006), § 1.01, et. seq.

*Defendants object to Plaintiffs' Proposed Jury Instruction No. 41 as it is slanted and misstates the law as to liability for corporate agents.

**JOINT PROPOSED JURY INSTRUCTION NO.42**

**Duty To Deliberate**

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** Eleventh Circuit District Judges Association, "Basic Instruction No. 7.1," Pattern Jury Instructions (Civil), (2005).

## JOINT PROPOSED JURY INSTRUCTION NO. 43

**Election Of Foreperson & Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explanation of verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authority:** Eleventh Circuit District Judges Association, "Basic Instruction No. 8," Pattern Jury Instructions (Civil), (2005).