UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., COACH SERVICES, INC.,

    Plaintiffs,

v.                                 Case No.  6:11-cv-1905-Orl-19KRS

VISITORS FLEA MARKET, LLC, DELROY
JOSEPHS, JULIO BATISTA, ET AL.,

    Defendants.

_____

ORDER

      This case is before the Court on Defendants, Visitors Flea Market, LLC and

Delroy Josephs' Motion to Strike Plaintiffs' Amended Initial Disclosures.[1]  The motion

is due to be DENIED.

      Plaintiff alleges that Defendants willfully violated the Lanham Act, 15 U.S.C. §§

1114, 1116, 1117, 1125(a), (c) and (d), and the United States Copyright Act, 17

U.S.C. § 501 et seq.[2]  Plaintiff filed its initial disclosures pursuant to Fed. R. Civ. P.

26(a)(1) on March 1, 2012 and its amended initial disclosures on July 20, 2012.[3]

Movants are asking the Court to strike Plaintiff's amended initial disclosures on the

grounds that they are untimely and prejudicial.[4]  In particular, Movants object to what

they argue was the late disclosure of Plaintiff's computation of its damages and a new

---

[1]Doc. 92.

[2]Doc. 1.

[3]Docs. 73-19 and 92-1.

[4]Doc. 92.

witness, David Friar.[5]

Federal Rule of Civil Procedure 12(f) provides that a motion to strike must be made within twenty days after service of the paper in question.  Movant's motion to strike is untimely because it was filed more than seventy-five days after Plaintiff served its amended initial disclosures.[6]  Movants have not made a showing of excusable neglect for their failure to timely file their motion.[7]

In cases involving the use of counterfeit marks, the Lanham Act provides alternate forms of recovery.  A plaintiff may obtain actual damages or, at any time before final judgment is entered, plaintiff can elect to recover statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good sold, offered for sale, or distributed as the Court considers just.[8]  And, if the Court finds that the use of the counterfeit mark was willful, plaintiff may recover not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.[9]

The Copyright Act also provides multiple remedies including actual damages and statutory damages of not less than $750 or more than $30,000 as the Court

---

[5]Id.

[6]The amended initial disclosures  were served on July 20, 2012 (Doc. 92-1), and the motion to strike was served on November 6, 2012 (Doc. 94).

[7]Fed. R. Civ. P. 4(b)(1)(B).

[8]15 U.S.C. § 1117(c).

[9]Id.

considers just.[10]   If the Court finds that the infringement was willful, then it has the

discretion to increase the amount of statutory damages to not more than $150,000.[11]

Plaintiff's complaint alleges that Movants acted knowingly and willfully and it

informs Movants that Plaintiff is seeking statutory remedies, including an award of

"statutory damages of two million ($2,000,000) per counterfeit mark per type of good

used in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117)."[12]   In its

initial disclosures, Plaintiff stated that it is seeking statutory damages available under

the Lanham Act and U.S. Copyright Act including the Movants' profits, exemplary

damages, statutory damages, and attorneys fees and costs.[13]   However, Plaintiff said

it is unable to compute the amount of its damages because it did not know the volume

of Movants' alleged unlawful purchases and sales.[14]   If Movants infringed Plaintiff's

marks, then they know the extent of the infringement better than anyone.  On May 25,

2012, Plaintiff filed a notice that it would be asking for damages calculated using the

statutory methodology in the Lanham Act and the Copyright Act.[15]   On July 2, 2012,

Plaintiff's lawyer sent a confidential settlement letter to Movants' lawyer in which

Plaintiff explained its calculation of statutory damages under both the Lanham Act and

---

[10]17 U.S.C. § 504(c).

[11]Id.

[12]Doc. 1.

[13]Doc. 73-19.

[14]Id.

[15]Doc. 41.

the Copyright Act.[16]  On June 7, 2012, Movants deposed Plaintiff's corporate

representative, Dayanara Perez.[17]  Perez testified to the extent to which Plaintiff was

able to identify the infringement of its marks.  Movants have also deposed Plaintiff's

expert on damages.[18]  Thus, Movants knew how Plaintiff intended to calculate it

damages long before Plaintiff filed its amended initial disclosures.

In its initial disclosures, Plaintiff identified Eric Rosaler of AED Investigation

Services, Inc., as a person likely to have discoverable information.[19]  Movants

subsequently propounded an interrogatory to Plaintiff in which they asked for the

identity of all persons known to Plaintiff to have knowledge of a visit Plaintiff's

representatives made to the Visitor's Flea Market on August 5, 2011.[20]  In its April 27,

2012 response, Plaintiff identified Rosaler.[21]  When Movants deposed Rosaler on July

16, 2012, he testified that he was accompanied to Visitors Flea Market by his

assistant, David Friar.[22]  Plaintiff represents that it learned of Friar's involvement in the

investigation along with Movants, at the Rosaler deposition.[23]  (Doc. 94).  To date,

Movants have not sought leave of Court to depose Friar.

---

[16]Doc. 94-1.  See, Cormack v. North Broward Hospital District, 2009 WL 2848998 *2 (S.D.Fla.) (Inadmissible settlement documents provided opponent notice of calculation of damages.).

[17]Doc. 94-2.

[18]Doc. 94.

[19]Doc. 73-19.

[20]Doc. 73-20, No. 4.

[21]Id.

[22]Doc. 73-6.

[23]Doc. 94.

Accordingly, the Court finds that Movants' motion to strike was untimely,

Plaintiff did not fail to timely disclose its damage claim or Friar as a witness, and

Movants have not shown prejudice.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on December 10, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-5-