UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., COACH SERVICES, INC.,

    Plaintiffs,

v.                                  Case No. 6:11-cv-1905-Orl-19KRS

VISITORS FLEA MARKET, LLC, DELROY
JOSEPHS, JULIO BATISTA, ET AL.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

### I. Introduction

This case arises from the alleged sale of counterfeit goods at the Visitors Flea Market located in Kissimmee, Florida. Vendors rent booths in the Flea Market from Defendants Visitors Flea Mark, LLC and Delroy Josephs (collectively the "Market Defendants").[1] On November 22, 2011, Plaintiffs filed this action alleging all Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1125, the United States Copyright Act, 17 U.S.C. § 101, et seq., and Florida common law tort and statutory laws.[2] On February 9, 2012, the Court entered a Case Management and Scheduling Order establishing certain deadlines and setting the case for a jury trial during the trial term commencing December 3, 2012.[3] After the deadline for amending pleadings had passed, Plaintiffs sought leave to file an

---

[1] Complaint (Doc. 1).

[2] Id.

[3] Case Management and Scheduling Order (Doc. 31).

amended complaint to add Visitors Plaza, Inc. ("Plaza") as a new defendant.[4] The Market Defendants opposed the motion to amend and the Court denied the motion on June 11, 2012.[5] Plaintiffs subsequently filed a separate lawsuit (the "Plaza Action") against Plaza and Josephs (the "Plaza Defendants"), related to the same alleged sales of counterfeit goods that are at issue in this action.[6]

On November 5, 2012, the Court advised the parties that it was considering consolidation of this action with the Plaza Action in accordance with Rule 42(a) of the Federal Rules of Civil Procedure.[7] Before proceeding, the Court gave the parties an opportunity to be heard if they objected to the proposed consolidation.[8] Plaintiffs filed a response objecting to consolidation if that meant the consolidated cases would go to trial during the December, 2012 trial period.[9] Plaintiffs cited the need for additional discovery in the Plaza Action as well as Josephs' pending motion to dismiss that suit.[10] However, they did not oppose consolidation for trial if the Court "briefly" continued the trial setting in this case to allow for further discovery in the Plaza Action.[11] Both Market Defendants and Plaza Defendants

---

[4] Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 39).

[5] Objection to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 42), and Order (Doc. 43).

[6] Coach, Inc., et al. v. Visitors Plaza, Inc., et al., Case No. 12-cv-979-PCF-KRS (Doc. 1.)

[7] Order (Doc. 93).

[8] Id.

[9] Plaintiffs' Response to the Court's November 5, 2012 Order [D.E. 93] Regarding Consolidation (Doc. 95).

[10] Id.

[11] Id.

advised the Court that they had "no objection to the consolidation of the cases proposed by the Court."[12]  On November 16, 2012, the Court consolidated this action and the Plaza Action for all further proceedings, including trial.[13]  The parties were ordered to meet, confer, and jointly advise the Court in writing of new proposed deadlines for the consolidated cases.[14]  However, the parties did not agree, and Plaintiffs unilaterally filed their proposed scheduling order while Market Defendants and Plaza Defendants filed their opposition to Plaintiff's proposed scheduling order.[15]

Defendants object to Plaintiffs' proposed scheduling order on the ground that if entered, it would reopen both cases for additional discovery and motion practice.[16]  Defendants have not proposed alternative case management dates.[17] The District Judge has referred this matter to me for a Report and Recommendation on the appropriate scope of reopened discovery and other proposed deadlines for purposes of entering an Amended Case Management and Scheduling Order.[18]

---

[12] Defendants, Visitors Flea Market, LLC and Delroy Josephs' Response to the Court's Order [D.E. 93] Regarding Consolidation (Doc. 101).

[13] Order (Doc. 105).

[14] Id.

[15] Plaintiffs' Notice of Filing Proposed Scheduling Order Pursuant to the Court's November 16, 2012 [DE] 105]Order (Doc. 107), and Defendants, Visitors Flea Market, LLC, Visitors Plaza, Inc. and Delroy Josephs' Opposition to Plaintiffs' Proposed Scheduling Order Pursuant to the Court's November 16, 2012 [DE 105] Order (Doc. 109).

[16] Defendants, Visitors Flea Market, LLC, Visitors Plaza, Inc. and Delroy Josephs' Opposition to Plaintiffs' Proposed Scheduling Order Pursuant to the Court's November 16, 2012 [DE 105] Order (Doc. 109).

[17] Id.

[18] Order (Doc. 110).

II. Discussion

The extension of case management deadlines, including the discovery period, are disfavored by this Court and ordinarily, deadlines are not extended absent a showing of good cause.[19]  Discovery has closed, the deadline for dispositive motions has passed, the parties have filed their Joint Pretrial Statement, and no party has alleged that it is not ready to try this action.  Accordingly, I respectfully recommend that the Court sustain Defendants' objections to reopening discovery and motion practice in this action.

Plaintiffs have identified discovery to be performed in the Plaza Action and Josephs' motion to dismiss the Plaza Action is still pending.  Accordingly, and because Defendants have not suggested any different dates, I respectfully recommend that the Court adopt the following case management schedule:

| | |
|---|---|
| Discovery Deadline in the Plaza Action | February 22, 2013 |
| Dispositive and Daubert Motions in the Plaza Action | March 22, 2013 |
| Joint Pretrial Statement in both cases | April 29, 2013 |
| All other motions including motions in limine in the Plaza Action | May 7, 2013 |
| Final Pretrial Conference in both cases | May, 2013 |
| Trial Term Begins | July, 2013 |
| Estimated Length of Trial | 5 days |
| Trial by Jury | |

---

[19]Case Management and Scheduling Order (Doc. 31).

-4-

Defendants ask the Court to limit Plaintiffs' discovery in the Plaza Action to issues not previously addressed during discovery in this action.  They provide no authority or analysis to support this argument.  Because Defendants have not met their burden, I respectfully recommend that the Court deny this relief.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on December 11, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

United States District Judge
Counsel of Record