UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., a Maryland corporation, and
COACH SERVICES, INC., a Maryland
corporation,

    Plaintiffs,

v.                                                  Case No. 6:11-cv-1905-Orl-19TBS

VISITORS FLEA MARKET, LLC, DELROY
JOSEPHS, JULIO BATISTA, LUIS
FREITES, LILY SY, SOMPRATHANA,
VONGUILATH, MATILDE SEGURA, and
DOES 1 THROUGH 3,

    Defendants.

_____

## ORDER

Pending before the Court is Plaintiffs' Renewed Motion to Compel Defendants to Produce Documents.[1] (Doc. 146). The motion is fully briefed and ripe for decision.

## I. Background

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Coach") filed this action for trademark and trade dress infringement, counterfeiting, false designation of origin, false advertising, and trademark dilution. (Doc. 1). Their complaint includes claims for violation of the Lanham Act, 15 U.S.C. §§ 1114,

---

[1] The original motion to compel was denied without prejudice due to the Court staying this action for 90 days. (Docs. 138, 139). The Court reasoned that with the passage of time some of the issues raised in the motion to compel may be resolved and new discovery issues might arise. The Court may have been right since the current motion to compel seeks narrower relief than the original motion.

1116, 1117, and 1125, and the United States Copyright Act, 17 U.S.C. § 101, et seq. (Doc. 1). Among other things, Coach alleges that Defendant Delroy Josephs, Sr. ("Josephs") is the principal owner, director and manager of Defendant Visitors Flea Market, LLC (" Visitors"). (Doc. 1, ¶ 7). Visitors manages a flea market in Kissimmee, Florida. (Id. ¶ 6). Some of the flea market vendors allegedly sell counterfeit Coach products and other products that infringe on Coach's trade dress and marks. (Docs. 1 ¶¶ 8-13, 31-47; 130-13 p.19). Coach maintains that Josephs and Visitors are facilitating and contributing to the promotion and sale of the counterfeit and infringing products. (Doc. 1 ¶¶ 7, 51). It also alleges that Josephs and Visitors have made substantial profits from the infringing activity they have allowed to occur. (Doc. 1 ¶ 61). For these alleged violations, Coach seeks damages calculated using the statutory methods provided in Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Section 504 of the Copyright Act, 17 U.S.C. § 504(c). (Doc. 41).

On December 28, 2012, Coach formally requested the production of Josephs and Visitors' 2008-2011 tax returns. (Doc. 130-11). Both Defendants objected on the ground that their returns are not relevant and are not contemplated to lead to the discovery of admissible evidence. (Doc. 130-12). After the stay was lifted, Coach renewed its request for Josephs and Visitors' tax returns and they refused to comply. (Doc. 146 p. 2). Coach is moving to compel production of the tax returns and Josephs and Visitors have renewed their objections that their returns are irrelevant and not calculated to lead to the discovery of admissible

evidence. (Doc. 151 p. 1).

## II. Legal Standards

Federal Rule of Civil Procedure 26(b) generally permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., No. 01-0392-CIV-GOLD, 2001 WL 34079319 * 2 (S.D. Fla. Nov. 1, 2001).

Using the procedure in Rule 34(a), parties can request the production of documents and other things within the scope of FED. R. CIV. P. 26(b). However, when a party asks for tax returns, most courts acknowledge that the request raises public policy concerns. Camp v. Correctional Medical Services, No. 2:08cv227-WKW(WO), 2009 WL 424723 * 2 (M.D. Ala. Feb. 17, 2009); Platypus Wear, Inc. v. Clarke Modet & Co., Inc., No. 06-20976-CIV, 2008 WL 728540 * 3 (S.D. Fla. Mar. 17, 2008). Federal courts are split on the question whether income tax returns are

entitled to enhanced protection from discovery. United States v. Certain Real Property, 444 F. Supp. 2d 1258, 1262-64 (S.D. Fla. 2006) (collecting cases). For example, some courts in the Southern District of Florida hold that a party seeking the production of tax returns must show a compelling need, in addition to relevance, while other courts in the same district find that ordinary relevance is all that is required. Id. And, even courts which hold that relevancy is the sole issue have taken steps to protect the confidentiality of tax returns. See EEOC v. Dimare Ruskin, Inc., No. 2:11-cv-158-FtM-36SPC, 2011 WL 3715067 * 4 (M.D. Fla. Aug. 24, 2011); Platypus Wear, Inc. v. Clarke Modet & Co., Inc., 2008 WL 728540 at * 3. The Eleventh Circuit has not explicitly addressed the issue or recognized a special privilege for tax records. But, in Maddow v. Proctor & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997), the court found that the district court did not abuse its discretion in compelling tax records because they were "arguably relevant to the case."

### III. Analysis

The Court follows Maddow and the cases interpreting the Maddow decision to mean a party does not have to demonstrate a compelling need to obtain production of tax returns. Josephs and Visitors returns are discoverable if they are relevant to this controversy. "A party infringes vicariously by 'profiting from direct infringement while declining to exercise a right to stop or limit it.'" Pegasus Imaging Corp. v. Northrop Grumman Corp., 8:07-cv-1937-T-27EAJ, 2008 WL 5099691 * 2 (M.D. Fla. Nov. 25, 2008) (quoting Metro-Goldwyn-Mayer Studios,

Inc. v. Grokster, Ltd., 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005)). Coach alleges that Josephs and Visitors reaped profits from turning a blind eye to the sale of counterfeit and infringing merchandise at the flea market. If true, then their tax returns may contain information relevant to prove that they benefitted financially from the flea market vendors activities.

Coach has invoked its right to recover statutory damages. In at least three infringement cases courts have found that a defendant's tax returns are relevant when the plaintiff asks for statutory damages. See, Coach, Inc. v. Swap Shop, Inc., No. 12-60400-CIV, 2013 WL 4407064 * 3 holding that "'Defendant's corporate federal income tax returns are relevant to the issue of statutory damages under section 504(c)(1) in a copyright infringement action.'" (quoting Quackenbush Music, Ltd. v. Alana, Inc., No. 92-10687-S, 1992 WL 439746 * 2 (D. Mass. Nov. 2, 1992)); Coach, Inc. v. Hubert Keller, Inc., Case No. CV411-285, 911 F.Supp.2d 1303, 1310 (S.D. Ga. 2012) (recognizing that if plaintiff had invoked its right to statutory damages it would be entitled to the defendant's tax returns.).

Accordingly, the motion to compel is GRANTED. Josephs and Visitors shall produce their complete 2008-2011 tax returns to counsel for Coach within 14 days from the rendition of this Order.

Tax returns routinely contain sensitive financial information and society tends to view and treat tax returns as confidential documents. The Court directs the parties to meet and confer to come to an agreement on a confidentiality agreement or proposed protective order of confidentiality for the tax returns. This

should be accomplished within 14 days from the rendition of this Order. Until the issue of confidentiality is resolved, counsel for Coach shall not reveal the information contained in the tax returns.

## IV. Attorney Fees and Costs

The party that prevails on a motion to compel is ordinarily entitled to recover its legal expenses, including reasonable attorney's fees. FED.R.CIV.P. 37(a)(5)(A). There are three exceptions to the general rule: (1) when the motion to compel is filed before the moving party attempts in good faith to get the discovery without court action; (2) when the losing party's position was substantially justified; or (3) if other circumstances make an award unjust. Id. None of the exceptions apply in this case. Coach shall file its motion for fees and costs incurred in connection with this motion within 14 days from the rendition of this Order.

DONE AND ORDERED in Orlando, Florida, on October 24, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel