UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC., COACH SERVICES, INC.,

    Plaintiffs,

v().                                          Case No. 6:11-cv-1905-Orl-19KRS

VISITORS FLEA MARKET, LLC, DELROY
JOSEPHS, JULIO BATISTA, ET AL.,

    Defendants.

### ORDER

This case comes before the Court without oral argument on Plaintiffs' Motion to Strike Defendants' Supplemental Rule 26 Disclosures and Witness List (Doc. 184), and Defendants' Motion to Strike Plaintiffs' Witness (Doc. 186).

Plaintiff manufactures, markets and sells fine leather and mixed material products including handbags, wallets and accessories. (Doc. 182). Defendant Visitors Flea Market, LLC operates an indoor flea market located in Kissimmee, Florida. (Id.). The land and building are owned by Defendant Visitors Plaza, Inc. (Id.). Until he passed away on November 23, 2013, Defendant Delroy Josephs was the sole owner of Visitors Flea Market and Visitors Plaza. (Docs. 182, 184). Plaintiffs complain that Defendants allowed vendors operating from rented flea market booths to display, offer, and sell counterfeit goods bearing Plaintiffs trademarks and copyrights. (Doc. 182). On November 22, 2011, Plaintiffs filed this lawsuit alleging contributory trademark infringement and contributory and vicarious copyright infringement. (Doc. 1). One of Mr. Josephs' defenses is that he moved to the

Cayman Islands in 2007 or 2008 and left the management of the business to his employees and son.  (Id.).

Plaintiffs deposed Mr. Josephs on June 6, 2012, April 5, 2013 and June 3, 2013.  (Doc. 184).  He was diagnosed with cancer in June, 2013.  (Id.).  On June 20, 2013, Visitors Plaza and Mr. Josephs filed an unopposed motion to stay this action due to Mr. Josephs' diagnosis and anticipated chemotherapy treatment.  (Doc. 137).  The Court granted the motion and stayed the case for 90 days.  (Doc. 138).  On September 16, 2013, these Defendants filed a second motion to stay the case for an additional 120 days which the Court denied.  (Docs. 140, 144).  On December 4, 2013, Defendants filed a third motion for stay, which the Court also denied.  (Docs. 168, 177).  This case is on the Court's March 3, 2014 trial calendar.  (Doc. 177).

On January 14, 2014, Defendants served the following supplemental disclosures on Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(1)(A):

> a.  Milicent ("Beth") Coban-Mrs. Coban may testify about Delroy ("Joe") Josephs' medical condition, travels to and from the United States, his attention to business affairs in the United States after moving to the Cayman Islands, and his estate.
>
> b.  Cristian Coban-Mr. Coban may testify about Joe Josephs' medical condition, travels to and from the United States, his attention to business affairs in the United States after moving to the Cayman Islands, and his estate.
>
> c.  The curator, executor, or personal representative of Joe Josephs' estate–if appointed before the trial of this matter, the defense may call the curator, executor, or personal representative of Joe Josephs' estate to testify as to the existence of the estate and other matters that may arise concerning the estate.

(Doc. 184-1).

Milicent Coban is Mr. Josephs sister, and Cristan Coban is her husband. (Doc. 186). Mrs. Coban is currently involved in legal proceedings in the United States and the Cayman Islands concerning Mr. Josephs' estate. (Id.). The estate is unsettled, and no representative of the estate has been appointed. (Id.). Defendants explain that they did not sooner disclose the Cobans because their information was cumulative of information in Mr. Josephs' possession. The Cobans were not involved in the operation of Visitors Flea Market prior to Mr. Josephs' death, and possessed no discoverable information regarding Plaintiffs' claims of infringement.

After Mr. Josephs died, Defendants determined that no previously disclosed witness would be able to testify in an organized and coherent way about Mr. Josephs' life away from Visitors Flea Market. Until Mr. Josephs died, Defendants never considered the possibility that the Cobans would be asked to testify at trial. Now, they argue that the Cobans' testimony is urgently needed to rebut claims by Plaintiffs that Mr. Josephs was actively involved in the day-to-day activities of Visitors Flea Market and Visitors Plaza. They claim that if Mr. Josephs was alive and able to testify, he could have explained clearly and at appropriate length about his lack of involvement in the operation of Visitors Flea Market. Defendants believe he would have testified that his life was focused on his two children, that he only traveled infrequently to Orlando, most often around appointments with his physicians, and spent very little time visiting his businesses. Although Mr. Josephs was deposed on three occasions, Defendants say his deposition testimony will not suffice because counsel for parties who are deposed rarely ask the sort of in-depth questions of their own clients during a

-3-

deposition that are necessary to develop a cogent story for trial. Defendants also assert that no previously disclosed witness is able to testify in an organized and coherent way about Mr. Josephs' life away from Visitors Flea Market.

Plaintiffs are asking the Court to strike all three witnesses from Defendants' supplemental Rule 26 disclosures and witness list on the grounds that they were not disclosed until 225 days after the discovery deadline, their testimony is irrelevant, and their testimony may be highly prejudicial. (Doc. 184).

The parties filed their Joint Final Pretrial Statement on February 3, 2014. (Doc. 182). Plaintiffs' witness list includes Nancy Axilrod, Esq., of Coach, Inc., as its "corporate representative." (Id.). Ms. Axilrod is Plaintiffs' vice president and deputy general counsel. (Doc. 188). Defendants are moving the Court to strike her from Plaintiffs' witness list and exclude her from testifying at trial on the grounds that she was never identified in Plaintiffs' Rule 26 disclosures, Defendants have not had an opportunity to depose her, and they will be prejudiced if she is permitted to testify. (Doc. 186). Plaintiffs represent that she is not a fact witness, and that she was designated as their corporate representative out of necessity after their former corporate representative and intellectual property coordinator Dayanara Perez left their employ and became unavailable to testify in Florida. (Id.).

## Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(i) provides that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: the

name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(a) requires a party to supplement its initial disclosures "in a timely manner" if the party learns that the disclosure was incorrect or incomplete. Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" Dyett v. North Broward Hospital District, NO. 03-60804-CIV, 2004 WL 5320630 * 2 (S.D. Fla., Jan. 21, 2004) (quoting Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998)).

Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Ellison v. Windt, No. 6:99-cv-1268-Orl-KRS, 2001 WL 118617 *2 (M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). "A failure to make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." Hewitt v. Liberty Mutual Group, Inc., No. 6:09-cv-1183-Orl-18DAB, 268 F.R.D. 681, 683 (M.D.Fla., 2010). In deciding whether the failure is harmless, the Court considers: "(1) the importance of the testimony; (2)

the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004). The party which fails to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was substantially justified or harmless. Hewitt, 268 F.R.D. at 683.

Analysis

A. Executor of Mr. Josephs' Estate

Plaintiffs concede that Defendants could not have anticipated the existence of a curator, executor or personal representative of Mr. Josephs' estate when they made their initial disclosures. Still, Plaintiffs object to any testimony concerning the existence of the estate on the ground that it is not relevant to the parties' claims and defenses and will confuse and mislead the jury. But, Plaintiffs fail to explain how or why the jury would be confused or mislead by this information. Their motion to strike the curator, executor or personal representative of the estate is DENIED. If such person is appointed prior to trial then, at trial, the Court can rule on contemporaneous objections to that person's testimony.

B. The Cobans

The Court is satisfied that the Cobans' testimony is relevant and important to support Mr. Joseph's defense that beginning in 2007 or 2008 he had only limited involvement in the management of Visitors Flea Market. The Cobans' testimony will contradict any claim by Plaintiffs that Mr. Josephs intentionally allowed products bearing their trademarks to be sold at Visitors Flea Market. The Cobans testimony

-6-

will also address the question of whether Mr. Josephs was willfully blind to the infringing activity taking place at the flea market.

But, the Court rejects Defendants' argument that they complied with Rule 26 because they timely supplemented their initial disclosures and included the Cobans in their witness list when the need for the Cobans' testimony arose. The Court also rejects Defendants' argument that reasonable people could differ about whether they should have disclosed the Cobans prior to Mr. Josephs' death. Defendants failed to supplement their disclosures "in a timely manner" as required by Rule 26(e)(1)(a). Mr. Josephs was diagnosed with cancer in June 2013. By September his condition had not improved and he was scheduled to participate in a second round of chemotherapy beginning in early October 2013. On September 12, 2013, his doctor wrote that Mr. Josephs was under "a strict and rigid cancer treatment," that he was unable to attend any stressful situations, and could not travel except for treatment in the next three to four months. (Doc. 140). Under the circumstances, Defendants should not have waited for more than a month after Mr. Josephs died to recognize that he may be unavailable to testify and that they might need the Cobans' testimony.

Defendants argue that their supplemental disclosures are harmless because the Cobans' testimony will not surprise or unfairly prejudice Plaintiffs. They note that before they disclosed the Cobans, Plaintiffs were aware of Mr. Josephs absence from the United States, knew he traveled only once every one or two months to Orlando, and had been told that Mr. Josephs spent only limited time at Visitors Flea Market. In addition to this evidence, the Cobans are expected to explain, based upon their

personal observations, why Mr. Josephs was not in Central Florida or focused on Visitors Flea Market. Although Plaintiffs may have anticipated that Mr. Josephs would testify along these lines, because discovery is closed they have not had the opportunity to depose the Cobans and learn precisely what they will say or if their testimony could be subject to impeachment or rebuttal evidence. Thus, Defendants' failure to timely disclose the Cobans is not harmless. To eliminate any unfair prejudice to Plaintiffs, the Court will require Defendants to produce the Cobans for deposition before trial begins. With this requirement, Plaintiffs' motion to strike the Cobans is DENIED.

### C. Ms. Axilrod

Defendants seek to strike Ms. Axilrod as a witness for Plaintiffs because discovery is closed and they have not had an opportunity to investigate or depose her. They also argue that they don't know anything about her training, knowledge of this controversy, what she will testify about, or if there is evidence available to impeach or rebut her testimony. Defendants allege that Ms. Axilrod is the face of Plaintiffs' operation to sue anyone remotely connected with the alleged counterfeiting of Plaintiffs' products, and that she is frequently quoted in media outlets and stories about Plaintiffs' prosecution of its claims. According to Plaintiffs, Ms. Axilrod is not a fact witness, her identity was disclosed during a July 20, 2012 deposition, and she was designated out of necessity.

Defendants have already deposed Plaintiffs' Rule 30(b)(6) corporate representative and the parties have not explained why Ms. Axilrod's testimony is

important to this controversy.  But, Plaintiffs have provided a valid explanation for their failure to sooner disclose her as a witness.  Ms. Axilrod's full name and title were previously disclosed during the July 20, 2012 deposition of witness Ethan Lau.  (Doc. 188-1).  The Advisory Committee Notes to Rule 26(e) provide that there is "no obligation to provide supplemental or corrective information that has otherwise been made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . ." Advisory Committee Notes to 1993 Amendment.  Now, the Court finds that Plaintiffs' failure to amend their Rule 26 disclosures was substantially justified and that the effect of adding Ms. Axilrod to Plaintiffs' witness list was harmless.  Accordingly, Defendants' Motion to Strike Plaintiffs' Witness (Doc. 186) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on February 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel