UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:11-cv-1905-Orl-19GJK

COACH, INC., a Maryland corporation, and COACH SERVICES, INC., a Maryland corporation,

    Plaintiffs,

v.

VISITORS FLEA MARKET, LLC, DELROY JOSEPHS, JULIO BATISTA, LUIS FREITES, LILY SY, SOMPRATHANA, VONGUILATH, MATILDE SEGURA, and DOES 1 THROUGH 3,

    Defendants.
_____/

CASE NO.: 6:12-cv-979-Orl-19KRS

COACH, INC., a Maryland corporation, and COACH SERVICES, INC., a Maryland corporation,

    Plaintiffs,

v.

VISITORS PLAZA, INC., and DELROY JOSEPHS,

    Defendants.
_____/

## PLAINTIFFS' MOTION TO SUBSTITUTE CHARLES WOHLUST, CURATOR FOR DEFENDANT THE ESTATE OF DELROY JOSEPHS

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Plaintiffs Coach, Inc. and Coach Services, Inc. (together "Coach") respectfully move this Court to substitute Charles

Wohlust, in his capacity as Curator, for Defendant The Estate of Delroy Josephs, Sr.  In support of this Motion, Coach states:

1. On January 9, 2014, Coach filed a Motion to Substitute Executors or Assigns of the Estate of Delroy Joseph for Defendant Delroy Josephs [D.E. 179].  On January 13, 2014, this Court granted Coach's Motion to Substitute [D.E. 180].

2. On February 25, 2014, Charles Wohlust, was appointed Curator of Delroy Josephs' Estate by the Circuit Court for Orange County, Florida, Probate Division.  A copy of the Order on Petitions to Appoint Curator is attached as Exhibit A.[1]

3. Pursuant to the Probate Court's Order, the Curator is authorized to represent Mr. Josephs' Estate in this action, and to appear at trial on behalf of the Estate in the same manner as a Personal Representative could under Florida law.  Specifically, paragraph 9 of the Probate Court's Order authorizes the Curator to:

> Investigate and participate in any current lawsuits involving the Decedent, including, but not limited to representing the Estate in that certain lawsuit more particularly described as Case No.: 6:12-cv-979-Orl-19KRS currently pending in United States Middle District Court of Florida, Orlando Division.  **In participating in any lawsuit, the curator shall have the power to settle, defend, prosecute, or otherwise bind the Estate in any lawsuit in the same manner as a Personal Representative could under Florida Statutes**.

See Ex. A [D.E. 200].

4. The instant action involves Coach's claims that the Defendants engaged in contributory counterfeiting of Coach goods and infringement of Coach trademarks and copyrights in violation of the Lanham Act and U.S. Copyright Act.  Coach's claims for infringement survive the death of Delroy Josephs, by and through his estate.  *See Cheramie*

---

[1] A copy of the Probate Court's Order was previously attached as Exhibit "A" to Defendants' March 3, 2014 Status Report Regarding Probate Proceedings [D.E. 200].

*v. Orgeron*, 434 F.2d 721, 723 (5th Cir. 1970) ("An action for infringement is an action based upon injury to property rights which survives the death of a party").[2]

5. By this Motion, Coach seeks to substitute in Charles Wohlust, in his capacity as Curator, as the Defendant in this consolidated action, pursuant to F.R.C.P. 25. Rule 25 provides:

> If a party dies . . . the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

6. Accordingly, Coach respectfully requests that this Court substitute in Charles Wohlust, for the Defendant Executor or Assigns of the Estate of Delroy Josephs in this proceeding, and grant such other and further relief as is just and proper.

7. If a hearing on this Motion is deemed necessary by the Court, the Court will schedule said hearing.

8. A copy of this Motion will be personally served upon Mr. Wohlust as required by Fed. R. Civ. P. 25.

---

[2] In *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the United States District Court of Appeals for the Fifth Circuit.

9. Undersigned counsel has conferred with Michael Crosbie, Esq., counsel for the Defendants who does not object to the relief sought herein.

        Respectfully submitted,

        */s/* David B. Rosemberg
        David B. Rosemberg, P.L. (582239)
        drosemberg@broadandcassel.com
        George G. Mahfood, P.A. (077356)
        gmahfood@broadandcassel.com
        BROAD AND CASSEL
        One Biscayne Tower, 21st Floor
        2 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: 305.373.9400
        Facsimile:  305.373.9443
        *Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2014 I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to the following: **Aristides J. Diaz, Esq.**, 5364 Penway Drive, Orlando, Florida 32814 and **Michael D. Crosbie, Esq.**, Shutts & Bowen, LLP, 300 South Orange Avenue, Suite 1000, Orlando, FL 32801.  I also certify that the foregoing is being served this day via U.S. Mail on Julio Batista, 5811 W. Irlo Bronson Highway, Booth 5-6, Kissimmee, FL 34746.

        */s/* David B. Rosemberg
        David B. Rosemberg, P.L. (582239)