UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COACH, INC. and COACH SERVICES, INC.,

    Plaintiffs,

v.                                                                                  Case No:   6:11-cv-1905-Orl-22TBS

VISITORS FLEA MARKET, LLC, JULIO BATISTA, LUIS FREITES, SOMPRATHANA VONGUILATH, MATILDE SEGURA, VISITORS PLAZA, INC., CHARLES WOHLUST and CHARLES WOHLUST,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Motion to Strike Plaintiffs' Witness Samanta Bangaree (Doc. 218) and Plaintiffs' response (Doc. 226).   For the reasons that follow, the motion is due to be denied.

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Coach") bring this action for trademark and trade dress infringement, counterfeiting, false designation of origin, false advertising, and trademark dilution.   (Doc. 1).   The case has been ongoing since 2011 and the schedule and deadlines have been repeatedly amended.   It is currently set for trial on July 1, 2014.   (Doc. 198).

Coach previously designated its in-house counsel, Ethan Lau, as its corporate representative and as a witness at trial.   As a lawyer for Coach, Mr. Lau's responsibilities included its anti-counterfeiting program.   (Doc. 226 n.1).   Despite Coach's contention that Mr. Lau was not an expert witness because his testimony would be based upon

personal knowledge and observations of the relevant facts, Mr. Lau drafted an expert report and was deposed by Defendants.  (Doc. 113).  Defendants opposed Mr. Lau's testimony and filed a motion in limine to exclude him from testifying on the grounds that Coach failed to timely disclose Mr. Lau; his report did not provide an adequate basis for his opinions; and Coach would not reveal whether Mr. Lau received aid in making his report.  (Doc. 103).  The Court denied the motion, finding that any prejudice could be cured by further discovery.  (Doc. 125).

According to Coach, Mr. Lau "recently" left its employ, necessitating the designation of a new corporate representative to testify at trial.  (Doc. 226 at 2, 5).  Ms. Bangaree is expected to offer her opinions regarding the counterfeit nature of items bearing Coach's trademarks and copyrights that were observed or purchased by Coach's investigator from certain of the Defendants in February, 2011 and August, 2011.  (Id.).

Defendants object and ask the Court to strike Ms. Bangaree as a witness because: (1) Coach failed to identify her until the eve of trial; (2) Coach has not offered sufficient justification for failing to identify her sooner; and (3) Defendants have not had time to depose Ms. Bangaree or conduct any discovery into her background.  (Doc. 218).

Coach argues that it could not have identified Ms. Bangaree sooner because she had no personal involvement in the case and did not work for Coach when Coach made its initial Rule 26 disclosures.  (Doc. 226).  It also says it expected Mr. Lau to testify at trial.  Coach contends that: (1) case law permits it to substitute a corporate representative; (2) it is substantially justified in failing to disclose Ms. Bangaree sooner; (3) Defendants will not be prejudiced because Coach remains bound by Mr. Lau's prior testimony; and (4) Ms. Bangaree will be giving lay witness testimony based upon her personal observations.

Federal Rule of Civil Procedure 26(a)(2) requires the parties to disclose the identity of any witness they may use at trial.  Rule 30(b)(6) permits a party to name a corporation as a deponent, and the named organization is required to designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]"  FED. R. CIV. P 30(b)(6).

The party to whom a Rule 30(b)(6) deposition notice is directed has a duty to "'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [by the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'"  Catalina Rental Apartments, Inc. v. Pacific Ins. Co., Ltd., No. 06- 20532-Civ, 2007 WL 917272, at *2 (S.D. Fla. Mar. 23, 2007) (quoting Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). The designating party may designate more than one witness if necessary to respond to a relevant area of inquiry.  Alexander v. F.B.I., 186 F.R.D. 148,151 (D.D.C. 1999).  And, if it becomes apparent that a corporate designee is deficient, the corporation must provide a substitute or additional designees.  McPherson v. Wells Fargo Bank, N.A., 292 F.R.D. 695, 698 (S.D. Fla. 2013).

A corporate representative need not be qualified as an expert and need not have personal knowledge of the events giving rise to the action.  Id.; Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1222-23 (11th Cir. 2003) (affirming where district court found that Plaintiff's employees' testimony was a type traditionally and properly considered lay witness testimony, as it was not based on specialized knowledge subject to Rule 702, but based upon particularized knowledge garnered from years of experience in the field).  A corporation is bound by its designee's

testimony. Peeler v. KVH Indus., Inc., No. 8:12-cv-1584-T-33MAP, 2014 WL 117101 *8 (M.D. Fla. Jan. 13, 2014) (citing QBE Ins. Corp. v. Jorda Enters., Inc., 277 F.R.D. 676, 690 (S.D. Fla. 2012). Also, "[t]he mere fact that an organization no longer employs a person with knowledge on the specified topics does not relieve the organization of the duty to prepare and produce an appropriate designee." QBE Ins., 277 F.R.D. at 689.

If a party fails to provide information, provide expert witness reports, or identify a witness as required by Rule 26(a), the Court may decide that a party cannot use that information to supply evidence at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC, 845 F.Supp. 2d 1241, 1249 (M.D. Fla. 2012). In determining whether a violation of Rule 26(a) is harmless, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Id. at 1251.

There are myriad reasons why employees come and go. Sometimes these changes are expected, other times they are not. Coach has not provided an explanation of what happened in this case. Still, as a general proposition, a corporation should not be prohibited from calling a designated representative as a witness simply because the person it thought was going to testify leaves its employ. See Capitol Records, Inc. v. MP3tunes, LLC, No. 07 Civ. 9931 (WHP), 2014 WL 503959 *11 (S.D.N.Y. Jan. 29, 2014) (permitting substitution of corporate representative when former corporate representative left Defendant's employ).

The Court finds nothing disruptive about Coach calling Ms. Bangaree as its

corporate representative at trial. Defendants understood Coach would present the testimony of a corporate representative, and they deposed Mr. Lau, who was expected to serve in that capacity. Coach is now bound by Mr. Lau's deposition testimony, and Defendants may use that testimony for any purpose. See Fed. R. Civ. P. 32(a)(3). If Ms. Bangaree's testimony is consistent with Mr. Lau's, then Defendants will not be surprised. If her testimony is inconsistent with Mr. Lau's testimony, then Defendants can use Mr. Lau's deposition testimony to impeach Ms. Bangaree and Coach. For these reasons, the Court finds that Coach's failure to sooner disclose Ms. Bangaree was substantially justified and is harmless. Accordingly, the motion to strike is **DENIED**. Still, out of an abundance of caution, and to eliminate any possible prejudice to Defendants, Coach will make Ms. Bangaree available for deposition before the first day of trial. To the extent Defendants argue that Ms. Bangaree is an improper expert witness, that issue is better resolved at trial.

      **DONE** and **ORDERED** in Orlando, Florida on June 11, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties